635 A.2d 1103

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Dwayne SWANN.**

Superior Court of Pennsylvania.

Argued Sept. 23, 1993.

Filed Jan. 14, 1994.

Robin Godfrey, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Jonathan Krinick, Philadelphia, for appellee.

Before McEWEN, DEL SOLE and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the December 15, 1992 order, setting aside appellee's conviction for homicide by vehicle. The Commonwealth raises one issue for our review:

> Did the trial court err in arresting judgment based on its conclusion that the jury's acquittal of defendant for involuntary manslaughter was inconsistent with its guilty verdict for homicide by vehicle.

Commonwealth's Brief at 4. For the reasons set forth below, we reverse.

On April 7, 1991, appellee, Dwayne Swann, was involved in an automobile accident. The record shows that appellee was speeding, tailgating and swerving as he drove on the inner drive of Roosevelt Boulevard in Northeast Philadelphia. As appellee attempted to change lanes, he lost control of his car and the car flew across a ten-foot-wide median, striking a 1978 Mustang. The impact caused the driver of the Mustang, Karen Simmons, to be thrown from her vehicle. She was pronounced dead at the scene.

On July 22, 1992, appellee was found guilty of homicide by vehicle,[1] but not guilty of involuntary manslaughter.[2] On December 15, 1992, post-verdict motions were heard and appellee's Motion for Arrest of Judgment was granted. The trial court reasoned that an acquittal on the charge of involuntary manslaughter precluded a guilty verdict on the offense of homicide by vehicle. This timely appeal followed.

The Commonwealth argues that the trial court erroneously concluded that as a result of the inconsistent verdicts rendered by the jury, the court was required to arrest judgment on the charge of homicide by vehicle. We agree.

1. 75 Pa.C.S. 3732.
2. 18 Pa.C.S. 2504.

▮ Consistency in verdicts in criminal cases is not necessary. *Commonwealth v. Strand,* 464 Pa. 544, 347 A.2d 675 (1975). This Court has stated, "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon [the] acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." *Commonwealth v. Lloyd,* 376 Pa.Super. 188, 191, 545 A.2d 890, 892 (1988), *appeal denied,* 522 Pa. 602, 562 A.2d 825 (1989) (quoting *Commonwealth v. Shaffer,* 279 Pa.Super. 18, 420 A.2d 722 (1980) (citations omitted)) (jury's acquittal of appellant of theft charge and conviction of robbery charge did not entitle appellant to any relief). Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is evidence to support the verdict. *Commonwealth v. Boyles,* 407 Pa.Super. 343, 595 A.2d 1180 (1991), *appeal denied,* 531 Pa. 651, 613 A.2d 556 (1992).

▮ In evaluating the sufficiency of the evidence the Court must determine:

whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond reasonable doubt.

*Commonwealth v. Lloyd,* 376 Pa.Super. at 192, 545 A.2d at 892 (1988) (quoting *Commonwealth v. Jackson,* 506 Pa. 469, 472–473, 485 A.2d 1102, 1103 (1984)). The Motor Vehicle Code provides:

Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic ... is guilty of homicide by vehicle, a misdemeanor or the first degree, when the violation is the cause of death.

75 Pa.C.S. § 3732. Our Supreme Court, however, has interpreted this statute to require a finding of recklessness or

criminal negligence. *See Commonwealth v. Heck*, 517 Pa. 192, 535 A.2d 575 (1987).

▓ Notwithstanding our Supreme Court's interpretation of the statute, we find that in the present case the elements of homicide by vehicle have been sufficiently established. The evidence demonstrated that on April 7, 1993, appellee drove his car on Roosevelt Boulevard in a reckless fashion and violated several sections of the Motor Vehicle Code including: 75 Pa.C.S. § 3301 (driving on right side of roadway); § 3309(1) (driving within a single lane; driver shall not move from a lane of traffic until he has first ascertained that the movement can be made with safety); § 3310 (following another vehicle too closely); § 3361 (driving vehicle at safe speed); and § 3714 (careless driving). These violations led to the death of Karen Simmons.

Accordingly, we reverse the trial court's order arresting judgment and remand for sentencing. Jurisdiction is relinquished.

Reversed and remanded. Jurisdiction is relinquished.