COMMONWEALTH of Pennsylvania

v.

Theodore SAVAGE, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 13, 1997.

Filed May 16, 1997.

Robert M. Buttner, Scranton, for appellant.

Peter Paul Olszewski, Dist. Atty., Wilkes–Barre, for Com., appellee.

Before CIRILLO, President Judge Emeritus, and BECK and JOHNSON, JJ.

CIRILLO, President Judge Emeritus:

Theodore Savage appeals from a judgment of sentence entered in the Court of Common Pleas of Luzerne County after his conviction for robbery and theft by unlawful taking or disposition. We affirm the judgment of sentence and remand for an evidentiary hearing.

A review of the evidence adduced at trial reveals the following facts. Savage and his wife, Sarah Savage, decided to rob Smolok's Market, a small grocery store in Plymouth Borough, Luzerne County. Sarah robbed the store, and appellant Savage drove the getaway car. Sarah's testimony revealed that her husband was looking for a place to rob on the day in question, and that the couple drove around in a brown and yellow Chrysler Cordoba looking for a store to target. The pair decided on Smolok's because "they" didn't know Sarah there. Sarah testified that her husband "told me I had to do it.... He just told me I had to do it, either that or I had to go kill somebody down on the Square." Savage provided Sarah with the gun. She further stated that she did not act alone and that her husband helped her plan the robbery.

At approximately 8:30 p.m. on May 4, 1992, Sarah, armed with a gun, demanded money from Smolok's store clerk Robert Warman. Warman handed Sarah between $300.00 and $400.00, along with food stamps. According to Warman, Sarah fled the store and entered the passenger side of a dark-colored Cordoba, which left the market at a high rate of speed. Warman was unable to see who was

driving the vehicle. Savage's car was stopped twenty-five minutes after the robbery, as it matched a description put out by police. Savage was in the driver's seat and his wife Sarah was the passenger. Officer Daniel Neilan testified that after taking the couple into custody, a search of the vehicle revealed a firearm and a purse, which were found under the passenger seat. The purse contained $357.00 in cash and $31.00 in food stamps.

At the close of the jury trial, presided over by the Honorable Bernard Brominski, Savage was convicted of robbery and theft by unlawful taking or disposition. Trial counsel filed post-trial motions, and was later granted leave to withdraw. Present counsel filed supplemental post-verdict motions, upon which the trial court heard oral argument. The motions were denied and Savage was sentenced to five to ten years imprisonment. This appeal followed.

Savage raises the following issues for our consideration:

(1) Whether trial counsel's failure to file a motion in limine or otherwise object to testimony offered by wife of Defendant in the nature of confidential communications pursuant to 42 Pa.C.S.A. § 5914 constitutes ineffective assistance of counsel?

(2) Whether trial counsel's failure to object to the Commonwealth's reference to Defendant's silence while in police custody constitutes ineffective assistance of counsel?

(3) Whether trial counsel's failure to request a curative instruction concerning improper remarks made by counsel for the Commonwealth during closing arguments constitutes ineffective assistance of counsel?

(4) Whether trial counsel's failure to render an opening statement to the jury during trial constitutes ineffective assistance of counsel?

(5) Whether trial counsel's failure to object and request a curative instruction with regard to evidence offered by the Commonwealth in the nature of prior wrongs or bad acts of Defendant constitutes ineffective assistance of counsel?

(6) Whether trial counsel's failure to prepare for trial, in that trial counsel waited until he was called to trial to move for an order requiring a psychiatrist of Defendant's wife to appear at trial, constitutes ineffective assistance of counsel?

(7) Whether the trial court erred in failing to grant trial counsel's pretrial motion in limine requesting an order of court for appearance of a psychiatrist and erred in failing to dismiss Juror # 8?

(8) Whether the verdict was against the weight and sufficiency of the evidence?

Savage's primary argument is that his trial counsel was ineffective in failing to file a motion in limine or otherwise objecting to testimony regarding confidential communications offered by Savage's wife. Our standard of review when evaluating a claim of ineffective assistance of counsel is well settled. We presume that trial counsel is effective and place on the defendant the burden of proving otherwise. *Commonwealth v. Williams*, 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). We are first required to determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Johnson*, 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991). If the claim is without merit, our inquiry ends because counsel will not be deemed ineffective for failing to pursue an issue which is without basis. *Id.* Even if the underlying claim has merit, the appellant still must establish that the course of action chosen by his counsel had no reasonable basis designed to effectuate the client's interests and, finally, that the ineffectiveness prejudiced his right to a fair trial. *Id.*; *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

■ The public policy sought to be enhanced by the privilege for confidential communication between spouses "is the preservation of marital harmony and the resultant benefits to society from that harmony." *Commonwealth v. Clark*, 347 Pa.Super. 128, 130–31, 500 A.2d 440, 441 (1985) (citing *Hunter v. Hunter*, 169 Pa.Super. 498, 83 A.2d 401 (1951)). "The privilege that protects information privately disclosed between husband and wife in the confidence of the marital relationship was once described by the United States Supreme Court as 'the

best solace of human existence.' " *Clark,* 347 Pa.Super. at 132, 500 A.2d at 442 (quoting *Stein v. Bowman,* 38 U.S.(13 Pet.) 209, at 223, 10 L.Ed. 129 (1839) in *Trammel v. U.S.,* 445 U.S. 40, 51, 100 S.Ct. 906, 912–13, 63 L.Ed.2d 186 (1980)). The common law privilege protecting confidential communications between spouses is codified in 42 Pa.C.S.A. § 5914, which provides:

> **Confidential communications between spouses**
>
> Except as otherwise provided in this subchapter, in a criminal proceeding neither husband nor wife shall be competent or permitted to testify to confidential communications made by one to the other, unless this privilege is waived upon the trial.

42 Pa.C.S.A. § 5914. This privilege, waivable solely by the spouse asserting the privilege, "prevents a husband or wife from testifying against their spouse as to any communications which were **confidential** when made and which were made during the marital relationship." *Commonwealth v. May,* 540 Pa. 237, 249–51, 656 A.2d 1335, 1342 (1995) (footnote omitted). For such a privilege to apply, the communication must be made in confidence and with the intention that it not be disclosed. *Id.*

It appears from our review of the record that while trial counsel was aware that a spouse (Sarah Savage) may assert a privilege to prevent testifying against a non-testifying spouse (Theodore Savage), *see* 42 Pa.C.S.A. § 5913, counsel was not aware that the non-testifying spouse has a right and a privilege

which he may assert to preclude the disclosure of **confidential communications** made to the spouse who intends to testify.[1] Thus, before proceeding with the analysis in the present case, we will engage in a review of this rather confusing area of the law.

The privilege set forth in section 5914, *supra,* is separate and distinct from the principle represented in the preceding statutory section, 42 Pa.C.S.A. § 5913.[2] The statutory provision dealing with spouses as witnesses against each other, found in section 5913, was rewritten by Act 16 of 1989. When that section was rewritten, it was changed "from a rule rendering one spouse incompetent to testify against the other to a rule recognizing a privilege not to testify against one's spouse." *Commonwealth v. Newman,* 534 Pa. 424, 427, 633 A.2d 1069, 1070 (1993). *See Commonwealth v. Hancharik,* 534 Pa. 435, 633 A.2d 1074 (1993). Our supreme court in *Newman* paraphrased the rules with regard to spousal testimony. Essentially, a husband or wife is now regarded as competent to testify against his or her spouse, but has a privilege to refuse to give adverse testimony; this privilege a husband or wife may waive. *Newman,* 534 Pa. at 430–32, 633 A.2d at 1072; *Hancharik,* 534 Pa. at 440–42, 633 A.2d at 1077. There is no privilege to refuse to testify against a spouse in four distinct situations, *i.e.,* those set forth in section 5913. Even if a husband or wife may be summoned to testify adverse to his or her spouse, however, he or she is not competent

---

1. Before Sarah Savage took the stand at trial, defense counsel made the following request:
 > Your Honor, at this time the Defense would move and request Your Honorable Court inform the witness, Sarah Savage, as to her privilege, should she deem it necessary to refuse to testify against her spouse in this matter[.]

 The trial court proceeded to ask Sarah if she were willing to testify against her husband, to which she replied in the affirmative.

2. Section 5913 provides as follows:
 > **Spouses as witnesses against each other**
 > Except as otherwise provided in this subchapter, in a criminal proceeding a person shall have the privilege, which he or she may waive, not to testify against his or her then lawful spouse except that there shall be no such privilege:

 > (1) in proceedings for desertion and maintenance;
 > (2) in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them, or any minor child in their care or custody, or in the care or custody of either of them;
 > (3) applicable to proof of the fact of marriage, in support of a criminal charge of bigamy alleged to have been committed by or with the other; or
 > (4) in any criminal proceeding in which one of the charges pending against the defendant includes murder, involuntary deviate sexual intercourse, or rape.

 42 Pa.C.S.A. § 5913.

to testify to **confidential** communications pursuant to section 5914.[3] *Newman*, 534 Pa. at 430–32, 633 A.2d at 1072; *Hancharik*, 534 Pa. at 440–42, 633 A.2d at 1077.

■ In the instant case, the Commonwealth concedes in its appellate brief that the communications between Savage and his wife were confidential and that defense counsel failed to object to the testimony at issue. Nevertheless, the Commonwealth asks this court to find that Savage's claim is "not of arguable merit because the spousal privilege should not extend to communications in furtherance of criminal activity," and that public policy and logic dictate as such. The Commonwealth argues, by analogy, that this court has suggested that communications in furtherance of a fraud would not be privileged in a civil action. *See Kine v. Forman*, 205 Pa.Super. 305, 209 A.2d 1 (1965). We decline to accept the Commonwealth's invitation to extend such reasoning to this criminal case. By its plain language, section 5914 (protecting confidential communications between spouses), governs "criminal proceeding[s]." 42 Pa.C.S.A. § 5914. The Commonwealth's policy argument must fail; such a challenge is more appropriately directed to the legislature.

The facts in the current case are similar to those found in *Commonwealth v. Clark*, *supra*. There, the trial court admitted testimony of the appellant's former wife [4] as part of the Commonwealth's case-in-chief. *Clark*, 347 Pa.Super. at 130–31, 500 A.2d at 441. The wife's testimony consisted of her husband's communications to her before and after his commission of an armed robbery of a gas station, which resulted in the death of the gas station attendant. *Id.* Specifically, the wife testified that on the evening in question, her husband told her that he was going to rob a gas station and left their home with a shotgun. Husband returned twenty minutes later, told his wife that he had shot and killed somebody and asked her to call the police. Husband also told his wife that the man he held up at the station grabbed at the gun, causing it to discharge. Wife then reported the incident anonymously to the police after which she accompanied Husband to a location where he broke the shotgun in half and disposed of it. *Id.* This court recognized that the communications made by appellant to his wife, minutes after the crime, were indeed of a confidential nature. *Id.* As a result, we concluded that the trial court erred in allowing the appellant's wife to testify against her former spouse as to the confidential communications made by him to her during the time period surrounding the criminal incident. *Id.* at 133–34, 500 A.2d at 443. This court further concluded that the wife's observations of what her husband did with the shotgun should also have been excluded; the court determined that it would be anomalous to exclude from the protection of the privilege the acts performed during the confidential oral communications. *Id.*

■ Likewise, in the instant case, Savage's wife testified to confidential communications made between her and her husband before and after the robbery. Such testimony is clearly protected under section 5914. Communications between husbands and wives are **presumed** to be confidential. *Hancharik*, 534 Pa. at 442–44, 633 A.2d at 1078. The Commonwealth, the party opposing application of the rule, has not proved otherwise and, in fact, concedes the confidential nature of the conversations in question. Having found merit to Savage's claim, we can

---

**3.** The only exception to this rule is found in 42 Pa.C.S.A. § 5915, which provides:

**Testimony by spouse in rebuttal**
In any criminal proceeding brought against the husband or wife, if the defendant makes defense at the trial upon any ground which attacks the character or conduct of his or her spouse, the spouse attacked shall be a competent witness in rebuttal for the Commonwealth.
Basically, under section 5915, "should the defense attack a spouse's character or conduct, the attacked spouse is a competent witness and may testify even to confidential communications." *Newman*, 534 Pa. at 430–32, 633 A.2d at 1072; *see Hancharik*, 534 Pa. at 440–42, 633 A.2d at 1077 ("The sole exception to this rule is that a husband or wife is competent to testify to rebut a defense based upon grounds that attack his or her character or conduct[;] [i]n such a case, the testimony could encompass confidential communications.").

**4.** The rule protecting confidential communications between spouses remains in force even after death or divorce. *Clark, supra*.

determine no reasonable basis for trial counsel's failure to object to appellant's wife's testimony. *Johnson, supra.* The only witness at the scene of the crime, Robert Warman, could not testify as to anyone other than Sarah's involvement in the robbery; he could not identify Savage as the driver of the getaway car. It was through wife Sarah's testimony that Savage was implicated in the planning of the crime and identified as the driver of the car before and after the crime. Such testimony undoubtedly prejudiced Savage's right to a fair trial. *Pierce, supra.* While we can find no basis for trial counsel's failure to object to Sarah Savage's testimony, trial counsel has not had an opportunity to explain his conduct. It is necessary, therefore, that we remand this case for an evidentiary hearing.

> When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the [trial court] to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing. See: *Commonwealth v. Spotts,* 341 Pa.Super. 31, 33, 491 A.2d 132, 134 (1985).

*Commonwealth v. Petras,* 368 Pa.Super. 372, 377, 534 A.2d 483, 485 (1987); *accord Commonwealth v. Purcell,* 403 Pa.Super. 342, 377–79, 589 A.2d 217, 235 (1991); *Commonwealth v. Copeland,* 381 Pa.Super. 382, 397, 554 A.2d 54, 61 (1988).

 While we have determined that remand is necessary to determine counsel's effectiveness, we must nonetheless address Savage's sufficiency of the evidence claim.[5] We must do so based upon the full record, including Sarah Savage's testimony.

> In assessing the sufficiency of the evidence ... we are called upon to consider all of the testimony that was presented to the [trier of fact] during the trial, without consideration as to the admissibility of that evidence. The question of sufficiency is not assessed upon a diminished record. Where improperly admitted evidence has

been allowed to be considered by the [fact finder], its subsequent deletion does not justify a finding of insufficient evidence. The remedy in such a case is the grant of a new trial.

*Commonwealth v. Davis,* 437 Pa.Super. 471, 475–76, 650 A.2d 452, 454–55 (1994), *aff'd,* 543 Pa. 628, 674 A.2d 214 (1996) (citations omitted). *See Commonwealth v. Parker,* 435 Pa.Super. 81, 644 A.2d 1245 (1994); *Commonwealth v. Watson,* 426 Pa.Super. 496, 627 A.2d 785 (1993).

 In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Jarman,* 529 Pa. 92, 94–95, 601 A.2d 1229, 1230 (1992); *Commonwealth v. Swann,* 431 Pa.Super. 125, 635 A.2d 1103 (1994). Savage claims that the Commonwealth established, at best, that he was the operator of the car which transported his wife from the scene of the crime. Specifically, Savage asserts that the Commonwealth did not prove that he acted as an accomplice. We disagree.

> A person is legally accountable for the conduct of another person when he is an accomplice of that person in the commission of an offense. An accomplice is one who knowingly and voluntarily cooperates with or aids another in the commission of a crime. To be an accomplice, one must be an active partner in the intent to commit [the crime]. An [accomplice] must have done something to participate in the venture. However, [t]he least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice.

*Commonwealth v. Calderini,* 416 Pa.Super. 258, 262–63, 611 A.2d 206, 207–08 (1992) (quotations and citations omitted). *See* 18 Pa.C.S.A. § 306. A review of the evidence reveals that Savage was clearly an accom-

---

5. A challenge to the sufficiency of the evidence seeks appellant's discharge, rather than a re-

mand for a new trial.

plice to the crimes of robbery [6] and theft.[7] Savage and his wife agreed to rob a grocery store. Savage told his wife that she had to do it, and then helped her plan the crime. Armed with a gun, Sarah robbed the store; Savage drove the getaway car. After the car was stopped by the police, the officers found a loaded pistol under the passenger seat, along with a purse containing $357.00 in cash and $31.00 in food stamps. This evidence is sufficient to prove that Savage was an accomplice to the robbery/theft of the grocery store. Considering Savage's help in planning the crime, telling his wife she had to rob the store, and driving the getaway car, we can easily conclude that he aided Sarah in the commission of the crime, was an active partner in the intent to commit the crime, and participated in the venture. *Calderini, supra.* Savage's sufficiency claim is without merit. *Jarman, supra; Swann, supra.*

We affirm Savage's judgment of sentence and remand solely for an evidentiary hearing on the ineffectiveness claim which we have indicated is of arguable merit. If, on remand, the trial court concludes that Savage's counsel was ineffective, the sentence should be vacated and a new trial granted. If the trial court on remand finds no ineffectiveness, however, Savage shall have a right to appeal this finding within 30 days of the entry of the trial court's order. *See Commonwealth v. Pearson,* 454 Pa.Super. 313, 329, 685 A.2d 551, 559 (1996) (*en banc*).[8]

Judgment of sentence affirmed. Case remanded for an evidentiary hearing. Jurisdiction relinquished.

BECK, J., files a concurring statement.

6. Robbery is defined as follows:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

* * * * * *

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury. . . .
18 Pa.C.S.A. § 3701(a)(1)(ii).

7. Theft by unlawful taking or disposition is defined as follows:

(a) **Movable property.**—A person is guilty of theft if he unlawfully takes, or exercises unlaw-

BECK, Judge, concurring:

I join the majority's thoughtful and well-written opinion. I write separately to note that one of the spousal privilege statutes discussed in this case appears to have an internal inconsistency which should perhaps be addressed by the legislature.

As the majority observes, § 5913 was amended "from a rule rendering one spouse *incompetent* to testify against the other to a rule recognizing a privilege not to testify against one's spouse." Majority Op. at 823 (emphasis supplied). The new § 5913 does away with a competency determination and replaces it with a waivable privilege. However, § 5914, which was not amended, still has a competency provision and directs that "neither husband or wife shall be *competent* or permitted to testify to confidential communications made by one to the other, unless this privilege is waived upon the trial." 42 Pa.C.S.A. § 5914 (emphasis supplied).

Despite its explicit language, § 5914 has not been interpreted as a law dictating the competency of spousal witnesses. This likely is due to the fact that the statute permits a spouse to testify against the other where the privilege is waived. It is curious that the legislature used the term "competent" and added to it a provision for waiver.

It appears that our courts have interpreted § 5914 to mean only that a waivable privilege exists, not that the challenged witness is truly "incompetent." *See Commonwealth v. May,* 540 Pa. 237, 656 A.2d 1335 (1995)

ful control over, movable property with intent to deprive him thereof.

* * * * * *

18 Pa.C.S.A. § 3921(a).

8. In *Pearson,* this court noted that when we determine that an appellant's judgment of sentence is proper pending resolution of an ineffectiveness claim, the appellant will not be automatically free to escape his term of incarceration while awaiting the evidentiary hearing. *Pearson,* 454 Pa.Super. at 327, 685 A.2d at 558. This court determined that such a result will discourage the filing of frivolous claims asserting ineffectiveness of counsel in an attempt to avoid a duly imposed judgment of sentence. *Id.*

(§ 5914 privilege is waivable by the spouse asserting the privilege); *Commonwealth v. Hancharik,* 534 Pa. 435, 633 A.2d 1074 (1993) (same). By providing the option of waiver in § 5914, the legislature contradicted, and by necessity negated, its language regarding competency.

Because our supreme court has analyzed § 5914 as a statute setting forth a privilege and not as a law dictating competency, I agree with the majority that a remand for an evidentiary hearing is appropriate here.