**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John MECHALSKI, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1997.

Filed Feb. 9, 1998.

Gregory A. Stuck, Sunbury, for appellant.

Michael P. Toomey, Asst. Dist. Atty., Sunbury, for the Com., appellee.

Before CANANAUGH, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

Appellant John Mechalski was convicted by a jury of possession and possession with intent to deliver marijuana. He was acquitted of delivery of marijuana. This direct appeal followed. We affirm.

On appeal, Appellant raises the following issues:

1. The court should have suppressed a tape recording as it was obtained in violation of the Wiretap Act.
2. The verdicts were inconsistent.
3. The evidence was insufficient and the verdict was against the weight of the evidence.
4. The court erred in allowing the tape recording to go with the jury to the deliberation room.

Appellant was arrested as part of an ongoing investigation by the SUN Area Drug Task Force. Officer Joseph Jones of the Sunbury Police Department engaged Darren Steimling as an informant to make drug buys. On October 1, 1994, the police wired Steimling and took him to Memorial Acres housing project for the purpose of recording a drug transaction with Thomas Rooney. On the way, Steimling met Appellant. Appellant said he was making a drug run and asked Steimling if he wanted anything. Steimling said yes and Appellant told Steimling to meet him in the alley next to Rooney's residence. Both Steimling and Appellant entered Rooney's residence and again spoke about purchasing marijuana, discussing both the amount and the price. Appellant then left and Steimling and Rooney discussed a variety of subjects. When Appellant returned, he and Steimling went upstairs to weigh the marijuana. After Steimling paid Appellant, he left the Rooney residence and returned to the police car. The tape ran out before the actual exchange of marijuana and money.

Appellant first contends our supreme court's decision in *Commonwealth v. Brion,*

539 Pa. 256, 652 A.2d 287 (1994) requires suppression of that portion of the tape recording that was made inside the Rooney house.

Under the Wiretap Act, an electronic interception of a conversation is lawful if it is at the direction of a law enforcement officer and one of the parties to the communication has given prior consent to the interception. 18 Pa.C.S.A. § 5704. However, in *Brion*, the supreme court held that an interception which is otherwise lawful under the Act violates Article I, § 8 of the Pennsylvania Constitution if the interception takes place in the subject's home and the police have not first obtained a search warrant. The narrow issue presented by this case is whether the protection of *Brion* extends to any visitor to a residence where a non-warrant interception is occurring.

In *Brion*, the court relied heavily on an individual's right to privacy within one's own home.

If nowhere else, an individual must feel secure in his ability to hold a private conversation within the four walls of his home. For the right to privacy to mean anything, it must guarantee privacy to an individual in his own home. "Upon closing the door of one's home to the outside world, a person may legitimately expect the highest degree of privacy known to our society."

*Id.* at 260, 652 A.2d at 289, (citation omitted).

An individual has a constitutionally protected right to be secure in his home .[a]n individual can reasonably expect that his right to privacy will not be violated in his home through the use of any electronic surveillance.

*Id.* at 261, 652 A.2d at 289.

It is clear from both the majority and dissenting opinions that the keystone of the decision is the sanctity of one's own home and the heightened expectation of privacy one has when one is in one's own home.[1]

Presently, Appellant was not in his own home when his conversations were recorded. At times he was on the street and at other times he was in someone else's home. He did not know or have control over who else was present in Rooney's home. For all Appellant knew, Rooney himself could have been a police informant. Because Appellant was not in his own home, he did not have the heightened expectation of privacy set forth in *Brion*. *Brion* does not require suppression of all electronic interceptions taking place in any home; it requires suppression of electronic interceptions taking place **in the subject's home**, a place where the subject can reasonably and legitimately "expect the highest degree of privacy known to our society." *Id.* at 260, 652 A.2d at 289. One does not reasonably and legitimately expect that highest degree of privacy simply because one enters a house, whether it be the house of a best friend or that of a stranger. The expectation is only reasonable and legitimate when one enters one's own house. Thus, *Brion* does not require suppression in this case.

Appellant next contends that the verdicts are inconsistent because the jury acquitted him of the actual delivery while convicting him of possession and possession with intent to deliver. Consistency in verdicts in a criminal case is not required and this court will not disturb guilty verdicts because of inconsistency as long as there is sufficient evidence to support them. *Commonwealth v. Swann*, 431 Pa.Super. 125, 635 A.2d 1103 (1994).

To determine if the evidence is sufficient, we view the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. *Commonwealth v. Rose*, 463 Pa. 264, 344 A.2d 824 (1975). A mere conflict in the testimony does not render the evidence insufficient, *Commonwealth v. Verdekal*, 351 Pa.Super. 412, 506 A.2d 415 (1986), because it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence.

---

1. Indeed, the dissent argues, in footnote 2, that, if the home was used as a business enterprise open to those members of the public who sought to purchase drugs there, the defendant would not have such a heightened expectation of privacy.

*Commonwealth v. Whitfield,* 475 Pa. 297, 380 A.2d 362 (1977).

 Viewed in this light, the evidence was sufficient to prove both possession of marijuana and possession with intent to deliver. Steimling testified that he asked Appellant to get him marijuana, that Appellant left then returned with the marijuana, that they weighed and packaged the marijuana, and that Appellant then delivered it to Steimling in exchange for money.

Appellant argues that the acquittal of delivery shows that the jury "clearly disbelieved that the defendant had in fact delivered the marihuana to the informant." Appellant's Brief at 15. Appellant then concludes that, since the charges all arose from the same factual pattern, the evidence of possession and possession with intent to deliver must also be disbelieved. This argument misapplies the law as it relates to inconsistent verdicts. An acquittal cannot be interpreted as a specific finding of any particular fact. *Commonwealth v. Swann,* *supra.* The evidence, when viewed in the light most favorable to the Commonwealth, amply supports the guilty verdicts for possession and possession with intent to deliver. The inconsistency of acquitting Appellant of the delivery charge means nothing more than that Appellant has been convicted of two, rather than three, crimes.

Appellant's claim that the verdicts are against the weight of the evidence is also based on "the jury's disinclination to accept the informant's story about the defendant's delivery of marijuana ." Appellant's Brief at 17. However, it is not the function of this court to substitute its judgment for the jury's on issues of credibility. *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982). Despite the acquittal, we must accept the Commonwealth's evidence as credible. Only if the evidence is so unreliable or contradictory as to make any verdict based thereon pure conjecture is appellant entitled to a new trial on this basis. *Commonwealth v. Maute,* 336 Pa.Super. 394, 485 A.2d 1138 (1984). The evidence presented here is not so unreliable or contradictory as to make the verdict pure conjecture. Appellant is not entitled to relief on this ground.

Finally, Appellant claims the trial court erred in allowing the tape recording to go with the jury during its deliberations. This argument is premised on Appellant's claim that at least part of the tape was illegally obtained and should have been suppressed. As we have decided there was no error in refusing to suppress the tape, this claim must fail. Moreover, Appellant did not object to the tape itself being sent out with the jury; he only objected to allowing the jury to have the transcript of the tape. N.T. 3/20/96 at 127.

Judgment of sentence affirmed.