J-S66012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AVERY AUVIAN KIRKSEY, | |
| Appellant | No. 1933 WDA 2016 |

Appeal from the Judgment of Sentence Entered September 5, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000187-2014

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 21, 2017**

Appellant, Avery Auvian Kirksey, appeals from the judgment of sentence of an aggregate term of 84 to 180 months' incarceration,[1] imposed after he was convicted of simple assault, recklessly endangering another person, carrying a firearm without a license, and persons not to possess a firearm. We affirm.

On appeal, Appellant presents two questions for our review, which we have reordered for ease of disposition:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that in the trial court's Pa.R.A.P. 1925(a) opinion, it incorrectly states that Appellant's aggregate sentence is 90 to 180 months' incarceration. **See** Trial Court Opinion (TCO), 1/13/17, at 1. Our review of the sentencing order, however, demonstrates that Appellant's aggregate, minimum term is 84 months' imprisonment.

A. Whether the trial court abused its discretion in sentencing [] Appellant and whether that [] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code[?]

B. Whether the evidence was sufficient to find [] Appellant guilty of [carrying a firearm] without a license and persons not to possess a firearm?

Appellant's Brief at 3 (unnecessary capitalization and emphasis omitted).

Initially, we conclude that Appellant has waived his first issue - a discretionary aspects of sentencing claim - for two reasons. First, Appellant did not file a post-sentence motion raising this claim before the trial court. *See Commonwealth v. Bromley*, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court."). Second, aside from stating general principles regarding our review of sentencing claims, Appellant's entire argument consists of the following:

> Appellant argues that the trial court's imposition of a period of eighty-four (84) to one-hundred eighty (180) months' incarceration is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code. Appellant argues that the objectives of Section 9721(a) of the Pennsylvania Sentencing Code could have been achieved without the imposition of such a lengthy sentence.
>
> …
>
> [] Appellant challenges the discretionary aspects of his sentence by arguing that the trial court abused its discretion in sentencing Appellant to such a lengthy period of incarceration, given the mitigating factors of this case. Specifically, [] Appellant challenges the length of his sentence given the fact that he has rehabilitative potential.

Appellant's Brief at 9-10. Appellant's cursory argument, which provides no discussion of the mitigating circumstance of his 'rehabilitative potential,' is insufficient to permit meaningful review of his sentencing claim. Accordingly, we conclude that his first issue is waived for our review on this basis, as well. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

In any event, even if not waived, we would deem Appellant's sentencing claim meritless for the reasons set forth by the Honorable John Garhart of the Court of Common Pleas of Erie County in his Rule 1925(a) opinion. *See* TCO at 4-6. Additionally, having reviewed the certified record, the briefs of the parties, and the applicable law, we also adopt Judge Garhart's well-reasoned assessment of Appellant's challenge to the sufficiency of the evidence to sustain his firearm convictions. *See id.* at 2-4. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/21/2017

COMMONWEALTH OF PENNSYLVANIA COURT OF RECORDS IN THE COURT OF COMMON PLEAS
OF ERIE COUNTY, PENNSYLVANIA

v.                                        2017 JAN 13 · PM 3: 00 CRIMINAL DIVISION

AVERY AUVIAN KIRKSEY          ERIE COUNTY      No. 187-2014
                             CLERK OF COURTS
                             ERIE, PA 16501

## 1925(a) OPINION

Garhart, J., January ⎮ ⎤ , 2017

Following a jury trial before The Honorable Shad Connelly, the Appellant was convicted of Simple Assault, Recklessly Endangering Another Person, Firearms Not to be Carried Without a License, and Persons not to Possess a Firearm. Appellant was sentenced on September 5, 2014, to serve an aggregate period of ninety (90) to one-hundred eighty (180) months' incarceration. Appellant failed to file any post-sentence motion or Notice of Appeal.

On July 6, 2015 Appellant filed a pro se PCRA Petition seeking re-instatement of his appellate rights. The PCRA Petition was denied on December 4, 2015. Appellant filed a timely Notice of Appeal from the Order dismissing his PCRA Petition. The Superior Court vacated the Order of the trial court denying the PCRA Petition and remanded the case. On remand, this Court issued an order dated November 30, 2016, reinstating the appellate rights of the Appellant and directing him to file a Notice of Appeal within thirty (30) days. A timely Notice of Appeal was filed on December 22, 2016, and a Statement of Matters Complained of on Appeal was filed on January 12, 2017.

Appellant bases his appeal on two issues: (1) that the Commonwealth failed to present sufficient evidence to find the Appellant guilty of Firearms Not to be Carried Without a License (18 Pa. C.S.A. §6106), and Persons not to Possess a Firearm (18 Pa. C.S.A. §6105); and (2) that the trial court abused its discretion in sentencing the Appellant, which sentence was manifestly excessive, clearly unreasonable, and inconsistent with the objectives of the Sentencing Code.

1

## I.   DISCUSSION

### A. Whether the Commonwealth failed to present sufficient evidence to find the Appellant guilty beyond a reasonable doubt of Firearms Not to be Carried Without a License (18 Pa. C.S.A. §6106), and Persons not to Possess a Firearm (18 Pa. C.S.A. §6105)?

In *Commonwealth v. Savage*, 695 A.2d 820 (Pa. Super. 1997), the Superior Court stated that:

> In evaluating a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt.

See also, *Commonwealth v. Jarman*, 601 A.2d 1229, 1230 (Pa. 1992); *Commonwealth v. Swann*, 635 A.2d 1103 (Pa. Super. 1994). Additionally, the jury as fact-finder may "believe all, part, or none of the evidence introduced at trial." *Commonwealth v. Lawley*, 741 A.2d 205, 212 (Pa. Super. 1999). In assessing a challenge to the sufficiency of the evidence, the standard is well-settled.

> In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Distefano*, 782 a.2d 574, 582 (Pa. super 2001)(citations and quotations omitted).

In the case at hand, the Appellant was convicted of one count of Firearms Not to be Carried Without a License, which provides in relevant part:

2

[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(18 Pa. C.S.A. §6106). Appellant was also convicted of one count of Persons not to Possess a Firearm, which prohibits the possession of a firearm, whether visible or concealed, by a person who has been convicted of certain felonies. (18 Pa. C.S.A. §6105(a)). Both statutes require the fact finder to be convinced, beyond a reasonable doubt, that the Appellant was in possession of a firearm. A thorough review of the record convinces this Court that the jury was presented with sufficient evidence to conclude that the Appellant was, in fact, in possession of a gun at the time of the incident in question, despite the fact that no gun was produced at trial.

The Commonwealth presented the credible testimony of the victim, Gregory Cooper, (hereinafter "Cooper") who was a participant in the events of September 23, 2013. Cooper was sitting on his front porch when a group of teenagers began fighting outside his residence. Cooper testified that he intervened in the fight when he saw a young man "stomping" on the head of a girl. N.T.,7/17/14, p. 20. Cooper chased the young man who then fell. Standing over him, cooper told the young man "You know, you don't stomp no girls." N.T., 7/17/14, p. 20. The young man was a friend of Appellant. Appellant, who was among the crowd of teenagers, approached Cooper and shoved him. Cooper admits to punching Appellant in the mouth. N.T. p. 21. At that point, Appellant pulled the gun on Cooper. Cooper testified:

Q. How did he [Apellant] take being punched in the mouth?
A. He didn't like it. He pulled a gun out on me.

N.T., p. 21. Furthermore, Cooper testified that the gun was hidden on Appellant's person:

Q. When you saw this gun—when you first confronted him, did you see that gun on his person?
A. No, sir.
Q. Where did he get the gun from?

3

A. Pulled it from his, I want to say his waist or his pocket.

Q. Was it concealed prior to him pulling it out?

A. Yes.

N.T., p. 21-22.

The incident occurred in a crowd of teenagers. The Defense argued at trial that the Commonwealth had not met its burden of proof in that it failed to present any other witnesses, from among the crowd, to testify against the Appellant, that Cooper was an unreliable witness, and that Cooper's testimony was uncorroborated. Furthermore, the Defense argued that the Commonwealth's failure to produce the gun was fatal.

In viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, together with all reasonable inferences, this Court believes that the jury could have found that the Appellant carried a gun and that he had concealed it under his clothing, before pointing it at Cooper. Furthermore, this Court finds that there was sufficient evidence of every other element of the crimes charged (including the lack of a license, the prior conviction for felony charges, and the fact that the gun was carried outside the Appellant's abode or business) in order for the jury to reach their conclusion beyond a reasonable doubt. *See Commonwealth v. Savage*, 695 A.2d 820 (Pa. Super. 1997).

## B. Whether the Court appropriately sentenced Appellant?

It is well settled that sentencing is given over to the sound discretion of the trial Judge and that the standard on appeal is "a manifest abuse of discretion."

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for

4

reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*) (internal quotations and citations omitted). An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires "a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." Commonwealth v. Moury, 992 A.2d 162 (Pa. Super 2010)(citing *Commonwealth v. Walls*, 592 Pa. 557,926 A.2d 957 (2007).

Where the sentencing court has the benefit of a pre-sentence report, the law presumes that the court was aware of the relevant information regarding the appellant's character and weighed those considerations along with the mitigating statutory factors delineated in the Sentencing Code. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa.Super. 1995)(quotation and citations omitted). Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. *Id.*

Here, the Court considered the following at time of sentencing: (1) the Pennsylvania Sentencing Code; (2) the pre-sentence investigative report; (3) the Pennsylvania Guidelines on Sentencing; (4) oral statements of defense counsel, the defendant, and Attorney for the Commonwealth. N.T. Sentencing, 09/05/14, at 12. The Court further noted that:

> The court has considered this defendant's age, his background, his character, and rehabilitative needs, the nature, circumstances, and seriousness of the offense, and the protection of the community.
> The court agrees with the description of the crimes as the district attorney has set before it. And obviously the jury found the defendant guilty of being responsible for those actions which constitute the crimes in question.
> The court is very concerned because the defendant is not a first-timer before a criminal court or juvenile court. In 2010 the juvenile – the defendant was adjudicated as a juvenile delinquent on a burglary charge, which is a felony of the first degree. And were he an adult at that time, he would have been looking at a possible 20 years of incarceration. But he was given an opportunity in the

5

community treatment program and then placed on probation and within approximately a year discharged from the juvenile court. Within one month of that discharge from the juvenile court for the burglary charge he was charged with robbery, which was a felony two and punishable by up to ten years of incarceration were he an adult.

But, again, the defendant was adjudicated delinquent and committed to Glenn Mills, and within approximately a year released from that program and discharged from the juvenile court. Within a year and a half from that time as an adult the defendant then committed these crimes, which involved the firing of a loaded weapon and assaults or an assault on at least one other person.

So, in the past four years the defendant has been given a number of opportunities to turn his life around. And not only has he not done that, things have progressed to this point where he is now looking at charges that carry maximum sentences of approximately 26 years of incarceration....And now you have to face the consequences for those choices. And you are at this point a clear and present danger to this community, and you must be incapacitated.

N.T. Sentencing, 9/5/14, at 12-14.

Appellant was consequently sentenced within the standard range of the Pennsylvania Sentencing Guidelines. The sentence was not manifestly excessive or unreasonable, but rather was consistent with the objectives of the Sentencing Code, namely to incapacitate a clear and present danger to the community. Furthermore, the reasons for the sentence were clearly set forth on the record.

The court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. *Commonwealth v. Moury*, 992 A.2d at 171. The imposition of consecutive, rather than concurrent sentences may raise a substantial question in only the most extreme circumstances. *Id.* Here, the imposition of a consecutive sentence was appropriate given the nature of Appellant's actions and in light of the fact that he was not entitled to a "volume discount". *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995).

6

## II.  CONCLUSION

Based on the above, this Court respectfully requests that Appellant's judgment of sentence be affirmed.  The Clerk of Court is hereby directed to submit the record to the Pennsylvania Superior Court for its review.

BY THE COURT:



_____ J.
John Garhart, Judge

cc:     District Attorney's Office
        Emily Merski, Esq.

7