J-S39008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF J.L.F., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: J.L.F., A MINOR | No. 1943 MDA 2017 |

Appeal from the Dispositional Order Dated November 8, 2017
In the Court of Common Pleas of York County
Juvenile Division at No: CP-67-JV-0000961-2017

BEFORE: STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 18, 2018**

Appellant, J.L.F., appeals from the November 8, 2017 dispositional order adjudicating Appellant delinquent and ordering his placement at Silver Oak Academy. Counsel has filed a brief and petition withdraw pursuant to ***Anders. V. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the dispositional order and grant the petition to withdraw.

On August 17, 2017, the Commonwealth charged Appellant as an adult with robbery, theft by unlawful taking, and receiving stolen property.[1] The trial court granted Appellant's decertification petition on September 15, 2017. The complaining witness, T.B., testified that, on April 24, 2017, he arranged

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3921(a), and 3925(a).

on Facebook to meet Appellant and sell or trade two pairs of shoes. N.T. Hearing, 10/19/17, at 28-29. At the meeting, which took place at a local restaurant, Appellant claimed he needed to go to his aunt's house to get money to pay for the shoes. *Id.* at 30-33. As the two walked together down an alleyway, a man in a gray hoodie approached, said "give me the shit, give me the shoes," and pulled out a silver revolver. *Id.* at 34-35. T.B. handed over the shoes and the gunman took the shoes and left. *Id.* at 35-36. Appellant, who did not appear to be scared during the robbery, told T.B. he would get his shoes back and then took off after the guy with the gun. *Id.* at 37. The gunman never pointed the gun at T.B. *Id.* T.B. ran into the restaurant and reported the incident. *Id.* Police investigated and obtained Appellant's address. *Id.* at 21-22. Appellant's stepfather granted permission for a search of Appellant's house, and police recovered one of the two stolen pairs of shoes. *Id.* at 23-25. Police also recovered clothing exactly matching the clothing Appellant wore during the incident. *Id.* at 24.

In his defense, Appellant testified that, before the gunman approached, he traded a pair of his own shoes to T.B. in exchange for the pair recovered from his home. *Id.* at 67-68. Appellant claimed he was calm during the robbery because he had been robbed before and wanted to ensure no one got hurt. *Id.* at 75-76. He denied having an aunt living in the vicinity of the robbery. *Id.* at 85.

The juvenile court found T.B. credible, Appellant not credible and, on November 6, 2017, adjudicated Appellant delinquent of the three aforementioned offenses. Appellant filed a timely post-dispositional order challenging the weight of the evidence. The juvenile court denied the motion, and this timely appeal followed.

The ***Anders*** Brief addressed the weight and sufficiency of the evidence in support of the convictions. Before we address the merits, we consider counsel's compliance with ***Anders*** and ***Santiago***.

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief.

***Commonwealth v. Orellana***, 86 A.3d 877, 879–80 (Pa. Super. 2014).

Counsel's brief and petition meet the foregoing requirements. We therefore proceed to the merits. We review a challenge to the sufficiency of the evidence as follows:

> [O]ur present standard of review […] inquires whether the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, supports the [factfinder's] finding that every element of the offense was proven beyond a reasonable doubt.
>
> In conducting this review, the entire record must be evaluated and all evidence actually received must be considered.
>
> When examining the evidence in the trial record in a light most favorable to the Commonwealth, we do not make new factual determinations based on the trial evidence introduced; rather, we accept the evidence of record, and all reasonable inferences drawn therefrom on which the factfinder could properly have based its verdict, as factually true. If the evidence of record viewed in the light most favorable to the Commonwealth, as well as all reasonable inferences derived therefrom, does not establish the defendant's guilt beyond a reasonable doubt of any element of the offense for which he was tried, then the evidence is insufficient to sustain the defendant's conviction as a matter of law, and he must be discharged. […] [I]f the trial evidence of record viewed in the light most favorable to the Commonwealth and all reasonable inferences drawn from that evidence is only, at most, equally consistent with a defendant's innocence as it is with his guilt, the Commonwealth has not sustained its burden of proving the defendant's guilt beyond a reasonable doubt.

*In re J.B.*, ___ A.3d ___, 2018 WL 3446237, at *18 (Pa. July 18, 2018).

The juvenile court adjudicated Appellant delinquent as an accomplice. Accomplice liability attaches were, among other things, the defendant "aids or agrees or attempts to aid" another person in the commission of an offense. 18 Pa.C.S.A. § 306(c)(1)(ii).

> A person is legally accountable for the conduct of another person when he is an accomplice of that person in the commission of an

offense. An accomplice is one who knowingly and voluntarily cooperates with or aids another in the commission of a crime. To be an accomplice, one must be an active partner in the intent to commit [the crime]. An [accomplice] must have done something to participate in the venture. However, [t]he least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice.

*Commonwealth v. Savage*, 695 A.2d 820, 825 (Pa. Super. 1997) (quoting

*Commonwealth v. Calderini*, 611 A.2d 206, 207-08 (Pa. Super. 1992),

*appeal denied*, 625 A.2d 1190 (Pa. 1993)).

Robbery with threat of immediate serious injury occurs where, "in the course of committing a theft, he […] threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(1)(ii). Theft by unlawful taking involving movable property occurs where the defendant "takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Finally, a defendant commits the crime of receiving stolen property where he "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a).

As we already explained, the juvenile court found that Appellant was in possession of a pair of T.B.'s shoes after another man stole the shoes at gunpoint. The gunpoint robbery clearly was sufficient to put T.B. in fear of serious bodily injury. § 3701(a)(1)(ii). Shoes are movable property and

- 5 -

police found one of the two stolen pairs at Appellant's home. No evidence indicates that Appellant intended to restore the shoes to T.B.

The only question remaining is Appellant's accomplice liability. As noted, Appellant and T.B. arranged to meet at a local restaurant, and then Appellant led T.B. down an alleyway where a gunman appeared, demanded that Appellant give him the shoes, and then ran off with the shoes. Police later found Appellant in possession of a stolen pair of shoes. This evidence is more than sufficient to establish a degree of concert or collusion between Appellant and the gunman. We agree with counsel's conclusion that a challenge to the sufficiency of the evidence in support of Appellant's convictions is frivolous.

The **Anders** Brief also addresses the weight of the evidence in support of Appellant's convictions.

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> [...]
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> [...]

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Roberts*, 133 A.3d 759, 769–70, *appeal denied*, 145 A.3d 725 (Pa. 2016). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000). "An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the jury's verdict if it is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Passmore*, 857 A.2d 697, 708 (Pa. Super. 2004), *appeal denied*, 868 A.2d 1199 (Pa. 2005).

The instant case turned on the juvenile court's credibility determinations. The court credited T.B.'s testimony over that of Appellant. In light of T.B.'s testimony, summarized above, the record clearly supports the juvenile court's adjudication. We therefore discern no abuse of discretion in the juvenile court's decision to deny a new trial. We further agree with counsel's conclusion that a weight of the evidence challenges is frivolous.

In summary, we agree with counsel's conclusion that the issues presented in the *Anders* brief are frivolous. Likewise, our independent review

of the proceedings confirms that this appeal is wholly frivolous. *Santiago*, 978 A.2d at 355 n.5 (citing *Commonwealth v. McClendon*, 434 A.2d , 1185, 1187 (Pa. 1981)). We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/18/2018