601 A.2d 346

**COMMONWEALTH of Pennsylvania**

v.

**Robert KEARNEY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 21, 1991.

Filed Jan. 13, 1992.

Jay Meyers, Philadelphia, for appellant.

Maxine Stotland, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for simple assault,[1] possessing an instrument of crime[2], and carrying a firearm on a public street[3] without a license[4]. Appellant contends that (1) the trial court erred in not granting his motion to suppress evidence because the police did not have probable cause to stop and arrest him, and (2) there was insufficient evidence to support the verdict. For the following reasons, we affirm.

The trial court made the following findings of fact:

Philadelphia Police Officers observed defendant in close proximity to someone who appeared to them to engage in a drug transaction. They approached while wearing raid-gear marked "Police." At that time the defendant reached into his waistband and produced a loaded revolv-

1. 18 Pa.C.S.A. § 2701.
2. 18 Pa.C.S.A. § 907(a).
3. 18 Pa.C.S.A. § 6108.
4. 18 Pa.C.S.A. § 6106.

er, which he proceeded to point at one of the Officers. Another Officer then disarmed the defendant.

Opinion, May 21, 1991, at 1–2.

Appellant was then arrested and charged with simple assault, aggravated assault, possessing an instrument of crime and carrying a firearm on a public street without a license. Appellant made a motion to suppress the revolver on the grounds that the police did not have probable cause to stop and arrest him. The trial court denied the motion and after a non-jury trial, appellant was found guilty of aggravated assault, possessing an instrument of crime, and carrying a firearm on a public street without a license.

Appellant then made several post-verdict motions. The court only granted appellant's motion to reduce his aggravated assault conviction to one of simple assault and then proceeded to sentence him. Subsequently, appellant filed a motion to modify sentence, which was granted *nunc pro tunc*. The trial court vacated appellant's original sentence and resentenced appellant to one-to-two years for simple assault, one-to-two years for possessing an instrument of crime, and two-and-one-half-to-five years for carrying a firearm on a public street without a license, all to run consecutively. Appellant then made timely appeal to this court.

Appellant first contends that the trial court erred in denying his motion to suppress the revolver. Specifically, appellant argues that he was not engaged in any incriminating activity when the police stopped and arrested him, and thus, the stop was deficient under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and the police lacked probable cause to arrest him. Furthermore, appellant argues that the revolver should have suppressed since he was forced to abandon it because of the illegal stop and arrest. We disagree.

The standard of review of a court's denial of a motion to suppress evidence allegedly obtained in violation of the Fourth Amendment is well-settled. We look to see

whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. In making this determination, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted.

*Commonwealth v. Vinson,* 361 Pa.Super. 526, 530, 522 A.2d 1155, 1157 (1987).

 In limited circumstances, an individual may be stopped and briefly detained. *Commonwealth v. Prengle,* 293 Pa.Super. 64, 68, 437 A.2d 992, 994 (1981). In order for such a stop to be reasonable under the Fourth Amendment of the United States Constitution, the police must have a reasonable suspicion, based on specific and articulable facts, that criminal activity may be afoot. *Terry v. Ohio, supra. See Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276 (1969); *Commonwealth v. Espada,* 364 Pa.Super. 604, 528 A.2d 968 (1987). Specifically, this standard is met "if the police officer's reasonable and articulable belief that criminal activity was afoot [is] linked with his observation of suspicious or irregular behavior on behalf of the particular defendant stopped." *Id.,* 364 Pa.Super. at 609, 528 A.2d at 970. Mere presence near a high crime area or in the vicinity of a recently reported crime, is not enough to warrant a *Terry* stop. *See Commonwealth v. Williams,* 287 Pa.Super. 19, 429 A.2d 698 (1981); *Commonwealth v. Hicks, supra.* An officer must observe irregular behavior before he initiates a stop and, concurrently to his observation, he must hold a belief that criminal activity is afoot. *See Commonwealth v. Jones,* 474 Pa. 364, 378 A.2d 835 (1977); *Commonwealth v. Espada, supra.*

 Here, the trial court based the validity of the *Terry* stop of appellant on the testimony of Lieutenant Hartman of the Narcotics Field Unit of the Philadelphia Police Department. Lieutenant Hartman testified that, on September 20, 1989, at approximately 8:00 p.m., he and five other officers dressed in plain clothes and driving two unmarked

vehicles responded to a complaint about drug dealings in the 6100 block of Vine Street in Philadelphia. While at the 6100 block, he observed appellant standing next to another person at the corner of Sixty-first and Vine Streets. He then observed on three different occasions people approach appellant's companion, hand cash to him and then take an object that he retrieved from his pocket. During each transaction, the officer observed appellant standing next to his companion. Based on his experience as a narcotics officer, Lieutenant Hartman testified that he believed that drug transactions had been made. After the third transaction occurred, he observed appellant and the other man leave the corner together. N.T., March 16, 1990, at 8–11.

From the officer's testimony, it is evident that appellant was not merely present in a high crime area or in the vicinity of a recently reported crime. Rather, appellant was with a person who, it was believed, was presently engaged in selling drugs. While appellant contends that he did nothing but stand next to this person, that was enough to support a *Terry* stop. When a person is suspected of presently committing a crime, a reasonable suspicion develops that his companion is also involved, even though the companion's only suspicious action was being in the company of the suspect. *See Commonwealth v. Chamberlain,* 332 Pa.Super. 108, 480 A.2d 1209, 1212 (1984) (where driver of automobile attempted to conceal weapon, *Terry* stop and frisk of both driver and companion upheld.); *Commonwealth v. Hook,* 313 Pa.Super. 1, 459 A.2d 379 (1983) (valid *Terry* stop of defendant and his companion where both were in a store at 6:00 a.m. and it was learned that defendant's companion was carrying a gun.) *See also* La-Fave, *Search and Seizure: A Treatise on the Fourth Amendment,* Second Edition, Section 9.3(c), at 453–54. Thus, while there is not probable cause to arrest the companion, there is a sufficient basis for a *Terry* stop. Consequently, the police stop of appellant was not in violation of the Fourth Amendment.

██ Appellant next argues that the police lacked probable cause to arrest him. Furthermore, he argues that due to the illegal stop and arrest, he was forced to abandon the revolver he was carrying, and thus the revolver should have been suppressed.

The test for determining whether a police officer has sufficient probable cause to make an arrest without a warrant is well-established. "Probable cause exists where the facts and circumstances within the knowledge of the officer are reasonably trustworthy and sufficient to warrant a person of reasonable caution in believing that the arrestee has committed the offense." *Commonwealth v. Chase*, 394 Pa.Super. 168, 171–72, 575 A.2d 574, 575 (1990). In determining whether probable cause exists, "we consider all the factors and their total effect, and do not concentrate on each individual element.... We also focus on the circumstances as seen through the eyes of the trained officer, and do not view the situation as an average citizen might." *Commonwealth v. Simmons*, 295 Pa.Super. 72, 83, 440 A.2d 1228, 1234 (1982), (*quoting Commonwealth v. Devlin*, 221 Pa.Super. 175, 178, 289 A.2d 237, 239 (1972)).

Here, appellant was not arrested merely upon the officer's stop of him. Lieutenant Hartman testified that after he and the other officers put on jackets and baseball caps that identified them as Philadelphia Police officers, they started towards appellant and his companion. However, as he approached appellant, appellant reached his right hand towards the small of his back and withdrew from his back a four inch revolver. Appellant then raised the revolver and pointed it at him. Another officer yelled a warning. At which point, Officer Hartman struggled with appellant, wrestling the gun away from him. He then arrested appellant. N.T., March 16, 1990, at 8–13.

Viewing the circumstances as the Lieutenant Hartman saw them to be—a man pointing a revolver at him even though he was clearly identified as a police officer—we find that probable cause existed to arrest appellant. Furthermore, we find no support in the record for appellant's claim

that he was not pointing the gun at the officer but merely abandoning it. Thus, we conclude that the *Terry* stop of appellant was valid and that there was probable cause to arrest him. Accordingly, we find that the trial court did not err in denying appellant's motion to suppress the revolver.

██ Finally, appellant contends that there was insufficient evidence to support the verdict. Appellant, however, did not raise a general sufficiency of evidence contention in his post-trial motions.[5] Therefore, this contention is waived. *See Commonwealth v. Singh*, 372 Pa.Super. 512, 539 A.2d 1314 (1988); *Commonwealth v. McDonald*, 322 Pa.Super. 110, 469 A.2d 206 (1983). We note, however, that even if this issue was not waived, it is meritless.[6] Accordingly, we affirm the judgment of sentence imposed by the lower court.

Judgment of sentence affirmed.

POPOVICH, J., concurs in the result.

---

5. Appellant did raise a sufficiency of the evidence claim as to his conviction for aggravated assault. The trial court agreed with appellant and consequently reduced his conviction to one for simple assault.

6. Appellant asserts that a defense witness testified at trial that appellant was inside a store when the police arrested him, and that from there he was taken outside and beaten. Appellant argues that because this testimony was unrebutted by Lieutenant Hartman, the only Commonwealth witness, the Commonwealth did not meet its burden to show that appellant was guilty beyond a reasonable doubt on any of the charges made against him. We disagree. It is well-settled that the uncorroborated testimony of a prosecution witness may be sufficient to convict in spite of contrary evidence from the defense, if the trier of fact, based on the evidence before it, chooses to lend credibility to the former. *See Commonwealth v. Wienckowski*, 371 Pa.Super. 153, 537 A.2d 866 (1988); *Commonwealth v. White*, 341 Pa.Super. 261, 491 A.2d 252 (1985). Here, the trial court acting as the trier of fact heard the testimony of both Lieutenant Hartman and the defense witness. It then made findings of fact in which it adopted substantially all of Lieutenant Hartman's testimony. Thus, the court chose to lend credibility to the Commonwealth witness. As a result, appellant's contention must fail.