627 A.2d 1217

COMMONWEALTH of Pennsylvania

v.

Dock M. BROWN, Appellant.

Superior Court of Pennsylvania.

Argued May 19, 1993.

Filed July 12, 1993.

602

David Zuckerman, Asst. Public Defender, Philadelphia, for appellant.

Karen L. Grigsby, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before WIEAND, CIRILLO and CERCONE, JJ.

WIEAND, Judge:

Dock Brown was tried non-jury and was found guilty of criminal trespass and conspiracy.[1] Post-trial motions were denied, and Brown was sentenced to serve concurrent terms

---

1. Brown was found not guilty of burglary, theft by unlawful taking, receiving stolen property and defiant trespass.

of probation for a period of five (5) years for criminal trespass and for a period of two (2) years for conspiracy. On direct appeal from the judgment of sentence, Brown has raised the following issue:

Did not the trial court err in denying the motion to suppress appellant's statement based on lack of probable cause to arrest where at the time appellant was stopped he was observed walking with a man who met the description of a burglary suspect, there was no information that a second suspect was involved in the offense, and the only other suspicious circumstances were that he was sweating, out of breath and without a coat?

After careful review, we affirm the judgment of sentence.

 In reviewing the ruling of a suppression court, we determine whether its factual findings are supported by competent evidence. Where it is a defendant who has appealed, we will consider only the evidence presented by the Commonwealth and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that the suppression court's findings are supported by competent evidence, we are bound by such findings and may reverse only if the legal conclusions drawn from those facts are in error. See: *Commonwealth v. Pestinikas,* 421 Pa.Super. 371, 385, 617 A.2d 1339, 1349 (1992); *Commonwealth v. Agnew,* 411 Pa.Super. 63, 71, 600 A.2d 1265, 1269 (1991).

The evidence presented at appellant's suppression hearing in this case established that, on December 13, 1990, at or about 2:05 a.m., Philadelphia Police Officer Joseph Mortimer had responded to a radio call pertaining to a silent burglar alarm which had been set off at the McDaniel Trucking Company, 237 East Church Lane. Arriving at the scene within three minutes thereafter, Mortimer shone a spotlight against the building and observed a black male at the top of a ladder which extended from the ground to a fire escape on the second floor of the building. Upon being caught in the spotlight, the black male slid down the ladder and fled around the side of the building. Mortimer broadcast via police radio

the following description: a black male, wearing dark clothes and dark pants with a white stripe down the side.

Officer William Mock, who had also responded to the call regarding the silent alarm, heard the description of the suspect which had been broadcast by Officer Mortimer. Within two to three minutes, Mock observed a man matching that description walking in the 5400 block of Lena Street, just around the corner from the trucking company. Walking beside the described suspect was appellant. Officer Mock approached the two males and observed that neither was wearing an overcoat, despite cold weather, and that both men were sweating and breathing heavily. Therefore, Mock detained the two men and returned them to the trucking company, where Officer Mortimer identified one of the men, Warren Williams, as the man whom he had seen on the ladder.[2] Both Williams and appellant were taken to police headquarters where, after waiving his *Miranda* rights, appellant told a detective that he and Williams had been attempting to burglarize the trucking company but had been scared off by police before they were able to gain entry to the building.

■ Appellant argues that, absent any indication that a second person had been involved in the attempted burglary at the trucking company, the police lacked probable cause to arrest him. Probable cause, he contends, was not established by his being in the company of the suspect being sought by police, by his not wearing an overcoat on a cold December night, or by his being out of breath and perspiring. Even if the police had a reasonable suspicion regarding his activities, so as to justify a brief *Terry* stop, he argues, they did not have probable cause to arrest him. He relies upon language in *Commonwealth v. Kearney*, 411 Pa.Super. 274, 601 A.2d 346 (1992), where the Superior Court observed:

2. The Pennsylvania Supreme Court has held that the placing of suspects into a police vehicle for the purpose of transporting them to the scene of the crime is an arrest and, thus, must be supported by probable cause. See: *Commonwealth v. Lovette*, 498 Pa. 665, 450 A.2d 975 (1982), *cert. denied*, 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983).

When a person is suspected of presently committing a crime, a reasonable suspicion develops that his companion is also involved, even though the companion's only suspicious action was being in the company of the suspect.... Thus, while there is not probable cause to arrest the companion, there is a sufficient basis for a *Terry* stop.

*Id.* 411 Pa.Super. at 279, 601 A.2d at 348 (citations omitted). Because probable cause was lacking to support his arrest, appellant argues, the subsequent confession while in police custody should have been suppressed as fruit of an unlawful arrest. We disagree with appellant's analysis.

 "To be constitutionally valid, a warrantless arrest must be supported by probable cause." *Commonwealth v. Anderson,* 360 Pa.Super. 466, 470, 520 A.2d 1184, 1186 (1987). See also: *Commonwealth v. Sanchez,* 416 Pa.Super. 160, 168, 610 A.2d 1020, 1024 (1992); *Commonwealth v. Lewis,* 394 Pa.Super. 403, 408, 576 A.2d 63, 66 (1990). The Pennsylvania Supreme Court has declared that:

In this Commonwealth, the standard for evaluating whether probable cause exists is the "totality of the circumstances" test set forth in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *See Commonwealth v. Baker,* 513 Pa. 23, 518 A.2d 802 (1986), *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). The bench mark of a warrantless arrest is the existence of probable cause, namely, whether the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. *Commonwealth v. Wagner,* 486 Pa. 548, 406 A.2d 1026 (1979).

*Commonwealth v. Rodriguez,* 526 Pa. 268, 272–273, 585 A.2d 988, 990 (1991). See also: *Commonwealth v. Quiles,* 422 Pa.Super. 153, 163, 619 A.2d 291, 298 (1993) (en banc); *Commonwealth v. Agnew, supra* 411 Pa.Super. at 74–75, 600 A.2d at 1271. "It is only the probability, and not a prima facie showing, of criminal activity that is the standard of probable

cause for a warrantless arrest." *Commonwealth v. Quiles, supra* 422 Pa.Super. at 163, 619 A.2d at 298. See also: *Commonwealth v. Murray,* 437 Pa. 326, 329, 263 A.2d 886, 888 (1970); *Commonwealth v. Mallory,* 418 Pa.Super. 614, 616, 614 A.2d 1174, 1176 (1992).

> 'When we examine a particular situation to determine if probable cause exists, we consider all the factors and their total effect, and do not concentrate on each individual element ... We also focus on the circumstances as seen through the eyes of the trained officer, and do not view the situation as an average citizen might ... Finally, we must remember that in dealing with questions of probable cause, we are not dealing with certainties. We are dealing with the factual and practical considerations of everyday life on which reasonable and prudent men act. This is not the same 'beyond-a-reasonable-doubt' standard which we apply in determining guilt or innocence at trial. *Commonwealth v. Devlin,* 221 Pa.Super. 175, 289 A.2d 237 (1972).'

*Commonwealth v. Simmons,* 295 Pa.Super. 72, 83, 440 A.2d 1228, 1234 (1982), quoting *Commonwealth v. Kazior,* 269 Pa.Super. 518, 524, 410 A.2d 822, 824–825 (1979). See also: *In the Interest of A.P.,* 421 Pa.Super. 141, 148, 617 A.2d 764, 769 (1992) (en banc); *Commonwealth v. Sanchez, supra,* 416 Pa.Super. at 169, 610 A.2d at 1025.

Under the circumstances present in the instant case, we do not hesitate to hold that the police had probable cause to believe that appellant had been involved in the attempted burglary at the McDaniel Trucking Company. A police officer came upon the scene of a burglary in progress and observed a suspect who was then attempting to gain entry to the trucking company building. Upon seeing the officer, the suspect fled. A short time later, the same suspect was apprehended, along with appellant, by a second officer only a short distance from the scene of the crime. Both men were sweating and out of breath, as if they had been running, and neither was wearing a coat despite the fact that it was a cold winter night. All of this activity occurred after 2:00 a.m. Thus, although police did not initially know that a second man had been involved in

the crime, appellant's presence with the suspect, a short distance from the scene of the crime, after 2:00 a.m., where both men appeared to have been running, was sufficient to permit a trained police officer to conclude reasonably that appellant probably had been involved in the crime. Because appellant's arrest was supported by probable cause, his subsequent inculpatory statement was properly received in evidence during his trial.

The judgment of sentence is affirmed.