J-S18024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: D.W. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| APPEAL OF D.W., | |
| Appellant | No. 1486 EDA 2014 |

Appeal from the Dispositional Order entered February 3, 2014,
in the Court of Common Pleas of Philadelphia County,
Juvenile Division, at No(s): CP-51-JV-0000204-2014

BEFORE:  BENDER, P.J.E., ALLEN and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 30, 2015**

D.W. ("Appellant") appeals from the dispositional order entered following his adjudication of delinquency for possession of a controlled substance with the intent to deliver in violation of 35 P.S. § 780–113(a)(30), and providing false identification to law enforcement authorities in violation of 18 Pa.C.S.A. § 4914(a).  We affirm.

The juvenile court summarized the pertinent facts and procedural history as follows:

> On January 21, 2014, First Judicial District Warrant Officer, Scott Palmer, was working in the 2800 block of North Rosehill Street in the city and county of Philadelphia.  Officer Palmer testified that his experience in the section of the city led him to believe that the area was known for narcotics, and that as a direct result his awareness was heightened.
>
> Officer Palmer and his partner, Sgt. Facetti (whom did not testify at either the suppression hearing or adjudicatory hearing) were in the area looking for a wanted individual known to

frequent the area, Thomas Shultz. While patrolling, [the] officers [saw] two males walking in the 2800 block of Rosehill Street, [and] one of the males fit[] the description of the wanted individual. Sgt. Facetti exit[ed] his vehicle, approache[d] the males and identified himself as an officer. Appellant, D.W., immediately fle[d,] and [was] stopped by Officer Scott Palmer within a short distance. Appellant, D.W., made multiple furtive hand movements in the area of his waistband and pockets and gave Officer Palmer a false name.

Based on the actions of [Appellant], Officer Palmer patted down [Appellant] for safety reasons. Officer Palmer felt a bulge in the waistband of [Appellant], was unsure if the bulge was [a] weapon, and upon inspection recovered a packet with 21 vials of crack cocaine. [Appellant] was arrested and charged.

Juvenile Court Opinion, 7/30/14, at 2-3 (citations to notes of testimony omitted).

Appellant filed a suppression motion on January 30, 2014. The juvenile court conducted a hearing on February 3, 2014, at the conclusion of which the juvenile court denied Appellant's motion. Appellant was adjudicated delinquent that same day. On February 12, 2014, Appellant filed a timely post-sentence motion, which the juvenile court denied following a hearing on April 11, 2014. Appellant filed a timely notice of appeal. Both Appellant and the juvenile court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did not the Commonwealth fail to sustain its burden at the motion to suppress [hearing] to demonstrate that Investigator Palmer's actions were lawful, by not providing any authority (at either the hearing on the motion to suppress or in subsequent legal memoranda) as to his powers to stop, detain, frisk or search [A]ppellant?

2. As Investigator Scott Palmer from the First Judicial District Warrant Unit, is not a police officer, who did not have the authority to stop, detain, frisk or search [A]ppellant, were his actions unreasonable and violative of both the Pennsylvania and Federal Constitutions, and should the motion to suppress have been granted?

3. Did not the suppression court err in denying the motion to suppress physical evidence, as both the Pennsylvania and Federal Constitutions prohibit the search and seizure of evidence where there was neither reasonable suspicion nor probable cause to stop, detain, frisk or search [A]ppellant?

4. Did not the investigator's action exceed the scope of a **Terry v. Ohio** frisk in that the warrant officer had no indication that [A]ppellant was armed or dangerous, and the "plain touch" doctrine was violated as it was not immediately apparent that the bulge in [A]ppellant's waistband was a weapon or contraband?

Appellant's Brief at 3.

Appellant challenges the juvenile court's denial of his suppression motion. Appellant's Brief at 11-32. Our scope and standard of review of this claim is well settled:

> An appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. [Because] the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

**Commonwealth v. Reese**, 31 A.3d 708, 721 (Pa. Super. 2011) (citations omitted).

Appellant's first two issues are interrelated. Therefore, we will address them together. Appellant argues that Officer Palmer, a warrant officer from the First Judicial District Warrant Unit, did not have the statutory authority to detain him, and thus the juvenile court erred in denying his suppression motion. Appellant's Brief at 11-18. The juvenile court, however, found this claim waived, and indicated that Appellant raised the issue for the first time in his post-sentence motion. We agree with the juvenile court.

This Court has explained that "appellate review of an order denying suppression is limited to examination of the precise basis under which suppression initially was sought; no new theories of relief may be considered on appeal." *Commonwealth v. Little*, 903 A.2d 1269, 1272-1273 (Pa. Super. 2006). Here, the juvenile court explained:

> Prior to the motion to suppress, [Appellant's] attorney, Philadelphia Public Defender's Officer (hereinafter PD) stated:
>
> > I move to suppress any physical evidence which the commonwealth seeks to introduce against my client at trial. I move under Article 1, section 8 of the Pennsylvania Constitution and the Fourth and Fourteenth Amendments of the United States Constitution, to suppress the packets of crack cocaine and $102.00 United States Currency, allegedly recovered from my client. I move to suppress physical evidence because [Appellant] was stopped and searched by police without reasonable suspicion or probable cause. This is a case where the arresting officer, warrant officer for the First Judicial District, saw [Appellant] standing near a person which they believed to have a warrant. And even though [Appellant] didn't

- 4 -

> have a warrant and the other person ended up not having a warrant, the officer stopped and searched [Appellant].
>
> [N.T. 2/13/13 at 5-6].
>
> Nowhere in his statement of grounds did the PD state the officer lacked official authority because he did not possess the power to arrest as a ground for suppression. The issue is waived. Section 350A of the Juvenile Code requires that the grounds for suppression be stated with specificity.

Juvenile Court Opinion, 7/30/14, at 4-5.

We agree with the juvenile court's determination that this issue is waived. "It is well-settled law that motions to suppress evidence are decided prior to the beginning of trial. Moreover, pre-trial rulings on the suppression of evidence are final. In sum, suppression motions must ordinarily be made before the trial to the suppression court, they must be made with specificity and particularity as to the evidence sought to be suppressed and the reasons for the suppression, and the suppression court's determination is to be final, except in the case of evidence not earlier available." ***Commonwealth v. Metzer***, 634 A.2d 228, 233 (Pa. Super. 1993) (citations omitted).[1] "[W]hen a motion to suppress is not specific in

---

[1] While ***Metzer*** pertained to suppression of evidence pursuant to Pa.R.Crim P. 581, and this case pertains to suppression pursuant to Pa.R.J.C.P. No. 350, the language in both rules of procedure are identical insofar as they require that suppression motions "shall state specifically and with particularity the evidence sought to be suppressed, the grounds for
*(Footnote Continued Next Page)*

asserting the evidence believed to have been unlawfully obtained and/or the basis for the unlawfulness, the defendant cannot complain if the Commonwealth fails to address the legality of the evidence the defendant wishes to contest. [A]ppellant must meet this threshold requirement before the Commonwealth must bear the burden ... of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. McDonald*, 881 A.2d 858, 860-861 (Pa. Super. 2005) (citations and internal quotations omitted).

Here, Appellant's failure to advance at the suppression hearing his theory that the warrant officer lacked legal authority or police power to stop Appellant, renders this claim waived. At the time of the suppression hearing, neither the Commonwealth nor the juvenile court were aware that a basis for Appellant's motion was that the warrant officer lacked authority to arrest, and therefore neither the juvenile court nor the Commonwealth had the opportunity to address that theory. Rather, in his suppression motion and at the suppression hearing, Appellant asserted that Officer Palmer lacked reasonable suspicion or probable cause to stop him. *See* N.T.,

*(Footnote Continued)* —————

suppression, and the supporting facts and events". Pa.R.J.C.P. No. 350(a), Pa.R.Crim.P. 581(D) ("The motion shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof."). Therefore, we find *Metzer* to be instructive and persuasive.

- 6 -

2/3/14, at 4-34; Motion to Suppress, 1/30/14. Appellant's attempt to advance for the first time in his post-sentence motion and on appeal, a new theory not raised in his suppression motion and at the suppression hearing, would permit Appellant to circumvent the requirements of Pa.R.J.C.P. No. 350(a), which required him to "state specifically and with particularity ... the grounds for suppression, and the supporting facts and events." Accordingly, Appellant's claim that the warrant officer lacked authority to conduct a stop is waived. *See also* Pa.R.A.P. 302(a); ***Commonwealth v. Shamsud–Din***, 995 A.2d 1224, 1228 (Pa. Super. 2010) ("in order for a claim of error to be preserved for appellate review, a party must make a timely and specific objection before the trial court at the appropriate stage of the proceedings; the failure to do so will result in waiver of the issue") (citation omitted).

In his third and fourth issues, Appellant argues that Officer Palmer lacked reasonable suspicion or probable cause to stop and search him. Appellant's Brief at 18-26. Appellant further asserts that, even if his ***Terry*** stop was valid, the officer's search exceeded the scope of a lawful frisk in that Officer Palmer had no indication that Appellant was armed or dangerous, and it was not immediately apparent that the bulge in Appellant's waistband was a weapon or contraband to justify the officer's reaching into his pocket under the "plain feel" doctrine. Appellant's Brief at 27-32.

Under **Terry v. Ohio**, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a police officer may stop and briefly detain an individual in order to conduct a limited investigation where the officer possesses reasonable suspicion that criminal activity is afoot. **Commonwealth v. Pakacki**, 901 A.2d 983, 988 (Pa. 2006). "Specifically, this standard is met if the police officer's reasonable and articulable belief that criminal activity was afoot is linked with his observation of suspicious or irregular behavior on behalf of the particular defendant stopped." **Commonwealth v. Kearney**, 601 A.2d 346, 348 (Pa. Super. 1992). "If, during [the] stop, the officer observes conduct which leads him to believe the suspect may be armed and dangerous, the officer may pat down the suspect's outer garments for weapons." **Pakacki**, 901 A.2d at 988.

Here, the juvenile court, concluding that Officer Palmer possessed reasonable suspicion to stop Appellant and search his pocket, explained:

> [Appellant] was present in an area known to the officers to be a high crime area and immediately fled upon observing the officer exit his vehicle. ... The officers were justified in conducting a **Terry** stop of [Appellant].
>
> ***
>
> Officer Palmer testified that after stopping [Appellant's] flight, he observed [Appellant] making furtive hand movements in the area of his waist band and pocket and gave the officer a false name. Given the totality of the circumstances (presence in a high crime area, unprovoked flight, furtive hand movements and giving a false name) it is clear that the officer was justified in conducting a pat down of [Appellant].
>
> ***

- 8 -

Lastly, [Appellant] alleges that Officer Palmer's pat-down/frisk exceeded the permissible boundaries allowed by the 'plain feel' doctrine of **Terry**.

\*\*\*

[Appellant] was lawfully stopped and frisked by Officer Palmer. Officer Palmer testified that during the frisk of [Appellant], he felt a bulge that "could have been a weapon." Upon removing this object it was discovered to be the contraband at the heart of this case. Therefore, the seizure of the contraband was permissible.

Juvenile Court Opinion, 7/30/14, at 8-10 (citation to notes of testimony omitted).

After careful review, we agree with the juvenile court that Officer Palmer possessed reasonable suspicion to subject Appellant to a **Terry** stop. "Reasonable suspicion must be based on specific and articulable facts, and it must be assessed based upon the totality of the circumstances ... viewed through the eyes of a trained police officer." **Commonwealth v. Williams**, 980 A.2d 667, 671 (Pa. Super. 2009) *citing* **Commonwealth v. Johnson**, 734 A.2d 864, 869 (Pa. Super. 1999). Here, Officer Palmer testified that on the date of the incident, he and Sergeant Facetti were in separate vehicles in the area of Rosehill Street looking for an individual named Thomas Shultz, when they observed Appellant walking with an individual who matched Shultz's description. N.T., 2/3/14, at 7-8. When Sergeant Facetti exited his vehicle and stopped Appellant's companion, Appellant immediately ran away and was stopped by Officer Palmer. **Id**. at 9-10. Appellant then "kept reaching into his pockets ... putting his hands back in his pockets and up

towards his waistband", prompting Officer Palmer to pat him down for safety. *Id*. at 11. In addition, Appellant provided the officer with a false name, and the encounter occurred in a high crime area. *Id*. at 10. These facts, taken together, support the juvenile court's determination that the officers possessed reasonable suspicion to subject Appellant to a *Terry* stop-and-frisk. *See Commonwealth v. Murray*, 936 A.2d 76, 80 (Pa. Super. 2007) *citing* *United States v. Caruthers*, 458 F.3d 459, 466 (6th Cir. 2006), cert. denied, 549 U.S. 1088, 127 S.Ct. 752, 166 L.Ed.2d 582 (2006) (furtive movements made in response to a police presence may properly contribute to an officer's suspicions); *Commonwealth v. Foglia*, 979 A.2d 357, 361 (Pa. Super. 2009) (evasive behavior, location of encounter in a high crime area, and suspect engaging in hand movements that police know, based on their experience, are associated with the secreting of a weapon, contribute to reasonable suspicion).

Appellant next asserts that the pat-down exceeded the scope of a lawful *Terry* frisk. Appellant's Brief at 27-32. Appellant argues that because Officer Palmer could not tell by "plain feel" that the bulge in Appellant's waistband was a weapon, the officer's intrusion into Appellant's waistband was not warranted. *Id*.

> Under the plain feel doctrine, a police officer may seize non-threatening contraband detected through the officer's sense of touch during a Terry frisk if the officer is lawfully in a position to detect the presence of contraband, the incriminating nature of the contraband is immediately apparent from its tactile impression and the officer has a lawful right of access to the

object. [T]he plain feel doctrine is only applicable where the officer conducting the frisk feels an object whose mass or contour makes its criminal character immediately apparent. Immediately apparent means that the officer readily perceives, without further exploration or searching, that what he is feeling is contraband. If, after feeling the object, the officer lacks probable cause to believe that the object is contraband without conducting some further search, the immediately apparent requirement has not been met and the plain feel doctrine cannot justify the seizure of the object.

*Commonwealth v. Pakacki*, 901 A.2d 983, 989 (Pa. 2006) (internal citations and quotation marks omitted).

As explained above, "the purpose of a frisk under *Terry* is not to discover evidence, but to allow the officer to pursue his investigation without fear for his or her safety. In keeping with that purpose, the scope of a *Terry* frisk is limited to that which is necessary for the discovery of weapons. Therefore, in order to reach into a suspect's pocket during a frisk, the officer would have to feel something that reasonably appears to be a weapon." *Commonwealth v. Taylor*, 771 A.2d 1261, 1269 (Pa. 2001). In *Taylor*, our Supreme Court explained that where a lawful *Terry* frisk is being conducted, we need not analyze whether the officer justifiably put his hand into the suspect's pocket under the "plain feel exception", where the officer who reached into the suspect's pocket did so under the reasonable belief that the hard object was a weapon, and not contraband.

Here, at the suppression hearing, Officer Palmer testified that based on Appellant's furtive movements around his waistband, in conjunction with Appellant's flight from the police officers and his providing a false name, the

- 11 -

officer believed that Appellant may be armed and dangerous, and that when he felt the bulge in Appellant's waistband, he believed it could have been a weapon. N.T., 2/3/14, at 12-13. The juvenile court found Officer Palmer credible, and concluded that he possessed the requisite reasonable belief to justify the intrusion into Appellant's waistband. The record supports the trial court's determination. *See Taylor*, 771 A.2d at 1270 ("an officer need only be reasonably, and not absolutely, certain that an individual is armed in order to investigate for weapons"). For the foregoing reasons, we find no error in the trial court's assessment that the search did not exceed the scope of a lawful *Terry* frisk. Therefore, we affirm the dispositional order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2015