J-S93046-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MALIK MUHAMMAD | |
| Appellant | No. 724 EDA 2017 |

Appeal from the Judgment of Sentence dated March 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005336-2010

BEFORE: DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED APRIL 13, 2017**

Appellant, Malik Muhammad, appeals from the judgment of sentence

following a bench trial and convictions for first-degree murder, possession of

an instrument of crime, and multiple violations of the Uniform Firearms Act.[1]

Appellant challenges the sufficiency and weight of the evidence. We affirm.

We state the facts as set forth in the trial court's opinion.

> On October 2, 2008, just before midnight, Brian Duran,
> who went by the nickname "Pacman," went to the area of
> 34th and Wallace Streets after receiving a call from a
> friend named Rasheed Harrod.  Upon arrival at that
> location, Duran saw Harrod exit Sam's Deli Chinese store
> and begin walking in his direction.  Duran then saw
> [Appellant], who had the hood of his sweatshirt drawn

___

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a), 907, 6106, and 6108.

tight around his face, come from inside the store, run up to Harrod, and shoot him after which [Appellant] fled.

Harrod eventually died from his injuries. An autopsy of his body revealed that he died [from] a single gunshot wound to the back of his head. The manner of death was deemed to be homicide.

Duran did not speak to police the night of the incident or tell them what he had witnessed because he, himself, was a criminal. Sometime after the incident, Duran was arrested on federal charges and during a proffer session he related that he witnessed [Appellant] shoot Harrod. Duran thereafter gave Philadelphia Homicide detectives a statement wherein he stated that he had witnessed the murder of Harrod.

Subsequent thereto, both Duran and [Appellant] encountered one another when they were being transported to the Criminal Justice Center in Philadelphia for [Appellant]'s preliminary hearing. [Appellant] threatened to kill Duran and harm his family if Duran continued to cooperate with authorities. During this incident, two apparent associates of [Appellant] assaulted Duran, which required that he receive medical treatment. As a result of the incident, [Appellant]'s preliminary hearing had to be postponed.

In 2009, Mr. Frank Herbert and [Appellant] were incarcerated together. According to Herbert, he and [Appellant] were standing with other inmates when [Appellant] stated that he had been jailed because of a homicide he committed that had been witnessed by a couple of people after he exited a Chinese store. [Appellant] stated that he had a hood pulled tight on his face when he committed the crime and that he had to get out of custody to take care of somebody. He further stated that associates of his had approached family members of a person nicknamed "Pacman" for the purpose of having them convince Pacman not to testify against him.

[Appellant] testified in his defense and denied having shot Harrod. [Appellant] indicated that Duran accused him

- 2 -

of committing the crime because [Appellant] refused to sell drugs for Duran. He further stated that he confronted Duran when they were incarcerated because he was angry that Duran was falsely accusing him of the murder. Finally, he stated that he had never seen Mr. Herbert before Herbert testified.

Trial Ct. Op., 2/10/16, at 1-3. After a bench trial, the court found Appellant guilty and he was sentenced to life imprisonment plus two-and-a-half to five years' incarceration. Appellant did not challenge the weight of the evidence with the trial court. Appellant timely appealed, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.[2]

Appellant raises the following issues:

Whether the evidence is insufficient for Appellant's Convictions stemming from the incidents of October 2, 2008, where the only evidence against him came from a convicted felon who was testifying as part of a plea deal, and only saw part of the shooter's face, at night, while looking through a rear view mirror, and another felon who did not know Appellant?

Whether the weight of the evidence is against Appellant's Convictions stemming from the incidents of October 2, 2008, where the only tangible evidence produced at trial came from two convicted felons, Bryan Durant and Frank Herbert. Durant who testified under a favorable plea agreement, stated he could only see part of the shooter's face from his rear view mirror as he drove away at night, which was contradicted by his preliminary hearing testimony. Additionally Herbert incredibly testified

_____

[2] Due to an apparent breakdown in the trial court's operations, Appellant's Rule 1925(b) statement for this docket number was improperly filed at cases docketed at Nos. 7944, 7945, and 7946 of 2010. These cases also involve Appellant but are completely unrelated to the instant case.

> [Appellant] confessed to the crime even though he was never in the same cell block with him.

Appellant's Brief at 5 (reordered to facilitate disposition).[3]

The standard of review for a challenge to the sufficiency of the evidence follows:

> When reviewing a sufficiency of the evidence claim, this Court must review the evidence and all reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, and we must determine if the evidence, thus viewed, is sufficient to enable the fact-finder to find every element of the offense beyond a reasonable doubt.

**Commonwealth v. Goins**, 867 A.2d 526, 527 (Pa. Super. 2004). While a challenge to the sufficiency of the evidence may be raised for the first time on appeal, a challenge to the weight of the evidence must be properly preserved. Rule 607(A) of the Rules of Criminal Procedure states:

> A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

---

[3] In his brief, Appellant also raised five issues for a wholly unrelated case. This Court *sua sponte* split Appellant's appeal into two cases, **see** Order, 3/2/17, and has addressed those five issues in the appeal docketed at No. 1157 EDA 2015. **See Commonwealth v. Muhammad**, 2017 WL 1205087 (Mar. 31, 2017).

In challenging both sufficiency and the weight of the evidence supporting all of his convictions, Appellant contends that the sole eyewitness was motivated to testify against him because of a plea agreement and that this witness' testimony was not credible. Appellant similarly contends that the witness who testified as to Appellant's confession to the crimes in question was also not credible. We conclude Appellant is due no relief.

Initially, we observe that Appellant failed to preserve his weight claim with the trial court and thus has waived it. **See** Pa.R.Crim.P. 607(A). Even if Appellant had not waived that claim, both his weight and sufficiency claims lack merit for the reasons stated in the decision by the Honorable Jeffrey P. Mineheart, and, after carefully reviewing the record, the parties' briefs, and Judge Mineheart's opinion, we affirm on the basis of that opinion. **See** Trial Ct. Op., 2/10/16, at 3-9 (holding (1) Appellant's sufficiency claim, premised on the credibility of the Commonwealth's witnesses, is actually a weight claim and thus lacks merit; (2) regardless, Appellant's Rule 1925(b) statement failed to identify the particular element of the specific crime or crimes he was challenging and thus he waived it; (3) and in any event, the evidence was sufficient for his convictions).[4] Having discerned no error of

---

[4] The trial court cited **Commonwealth v. Jarowecki**, 923 A.2d 425 (Pa. Super. 2007), in addressing Appellant's weight claim. **See** Trial Ct. Op. at 9. Our Supreme Court reversed this Court in that case on other grounds. **Commonwealth v. Jarowecki**, 985 A.2d 955, 969 (Pa. 2009). The reversal has no bearing on the correctness of the trial court's disposition. With
*(Footnote Continued Next Page)*

J-S93046-16

law or abuse of discretion, we affirm the judgment of sentence below. The parties are instructed to attach a copy of the trial court's opinion of February 10, 2016, to all future filings that reference this Court's decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

*(Footnote Continued)*

respect to the sufficiency claim relating to Appellant's convictions under the Uniform Firearms Act, the trial court held that although the Commonwealth failed to submit evidence showing that Appellant was not licensed to carry a gun, the record established that Appellant was not eligible for a license because he was not yet 21 years old. Trial Ct. Op. at 11-12 & n.5. Appellant makes no argument on appeal regarding proof of licensure, and we therefore do not address that issue because it is waived. We note that, as the trial court points out, *id.*, Appellant received no further penalty regarding that violation.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF

VS.

MALIK MUHAMMAD

CP-51-CR-0005336-2010 Comm. v. Muhammad, Malik
Opinion

7406903201

COURT OF COMMON PLEAS
OF PHILADELPHIA

CRIMINAL TRIAL DIVISION

CP-51-CR-0005336-2010

**FILED**

FEB 10 2016

Post Trial Unit

**OPINION**

## PROCEDURAL HISTORY

The above-named defendant was charged as of the above Bill and Term number with, *inter alia*, murder, generally, carrying a firearm without a license, carrying a firearm on a public street, and possessing an instrument of crime, generally. These charges stemmed from an incident that occurred on October 2, 2008, during which appellant shot and killed Rasheed Harrod in the area of 34th and Wallace Streets in Philadelphia.

Defendant's trial commenced before this Court on January 3, 2013, on which date defendant waived his right to a jury trial. The matter was continued until July 19, 2013, on which date this Court, found defendant guilty of first-degree murder, and the offenses set forth above. On this Court imposed an aggregate sentence of life imprisonment plus five years' incarceration, which sentence was ordered to run consecutive to a life sentence plus thirty-five to seventy years' incarceration imposed on defendant in an unrelated matter.[1] Following the

---

[1] The delay in sentencing resulted from negotiations between the Commonwealth and defendant aimed at working out a plea deal in the instant matter given that appellant had been convicted of second-degree murder and related offenses in a matter unrelated to the instant matter.

imposition of sentence, appellant filed a notice of appeal and a requested Pa.R.A.P. 1925(b) Statement.

## FACTUAL HISTORY

On October 2, 2008, just before midnight, Brian Duran, who went by the nickname "Pacman," went to the area of 34th and Wallace Streets after receiving a call from a friend named Rasheed Harrod. Upon arrival at that location, Duran saw Harrod exit Sam's Deli Chinese store and begin walking in his direction. Duran then saw defendant, who had the hood of his sweatshirt drawn tight around his face, come from inside the store, run up to Harrod, and shoot him after which defendant fled.

Harrod eventually died from his injuries. An autopsy of his body revealed that he died as a single gunshot wound to the back of his head. The manner of death was deemed to be homicide.

Duran did not speak to police the night of the incident or tell them what he had witnessed because he, himself, was a criminal. Sometime after the incident, Duran was arrested on federal charges and during a proffer session he related that he witnessed defendant shoot Harrod. Duran thereafter gave Philadelphia Homicide detectives a statement wherein he stated that he had witnessed the murder of Harrod.

Subsequent thereto, both Duran and defendant encountered one another when they were being transported to the Criminal Justice Center in Philadelphia for defendant's preliminary hearing. Defendant threatened to kill Duran and harm his family if Duran continued to cooperate with authorities. During this incident, two apparent associates of defendant assaulted Duran, which required that he receive medical treatment. As a result of the incident, defendant's preliminary hearing had to be postponed.

2

In 2009, Mr. Frank Herbert and defendant were incarcerated together.[2] According to Herbert, he and defendant were standing with other inmates when defendant stated that he had been jailed because of a homicide he committed that had been witnessed by a couple of people after he exited a Chinese store. Defendant stated that he had a hood pulled tight on his face when he committed the crime and that he had to get out of custody to take care of somebody. He further stated that associates of his had approached family members of a person nicknamed "Pacman" for the purpose of having them convince Pacman not to testify against him.

Defendant testified in his defense and denied having shot Harrod. Defendant indicated that Duran accused him of committing the crime because defendant refused to sell drugs for Duran. He further stated that he confronted Duran when they were incarcerated because he was angry that Duran was falsely accusing him of the murder. Finally, he stated that he had never seen Mr. Herbert before Herbert testified.

## DISCUSSION

In his 1925(b) statement, defendant first asserts that the evidence was insufficient to support the charges because the evidence of guilt came from only two witnesses, whose testimony, defendant contends, failed to prove each element of the crimes defendant was convicted of committing.[3] In essence, defendant is arguing that the testimony presented by the two witnesses was not credible and thus, incapable of supporting the verdict.

The Pennsylvania Supreme and Superior Courts have repeatedly held, sufficiency review does not include an assessment of the credibility of witness testimony or other evidence. Commonwealth v. Brown, 648 A.2d 1177, 1191 (Pa. 1994); Commonwealth v. Wilson, 825

---

[2] Herbert revealed what defendant told him during a proffer session with federal authorities.

[3] Defendant indicates that defendant was convicted of robbery. Defendant is mistaken because that charge was dismissed prior to the trial and was not one of the charges upon which a verdict was rendered.

3

A.2d 710, 713 (Pa. Super. 2003), and that testimonial conflicts will not render evidence insufficient. Commonwealth v. Hargrave, 745 A.2d 20, 22 (Pa. Super. 2000); Commonwealth v. Mechalski, 707 A.2d 528, 530 (Pa. Super. 1998). The courts have thus repeatedly rejected "sufficiency" arguments that are directed at the weight and credibility of the evidence. See *e.g.*, Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999) (rejecting argument that evidence supporting his murder conviction was insufficient due to inconsistencies between various witnesses' testimony because "[although appellant phrases this as a sufficiency argument, the challenge goes to the weight of the evidence"), cert. denied, 531 U.S. 829 (2000); Commonwealth v. Sullivan, 864 A.2d 1246, 1249-50 (Pa. Super. 2004) (finding credibility arguments inappropriate for sufficiency claim); Commonwealth v. Hodge, 658 A.2d 386, 389 (Pa. Super. 1995) ("Unlike the challenge of legal sufficiency of the evidence, the complaint that the verdict was against the weight of the evidence requires an assessment of the credibility of the testimony offered by the Commonwealth.") (internal quotations and citation omitted). Appellant's credibility-based sufficiency arguments are therefore unavailing especially because the uncorroborated testimony of single witness may alone be sufficient to convict a defendant. Commonwealth v. Kearney, 601 A.2d 346, 349 n.6 (Pa. Super. 1992).

Accordingly, because this Court, sitting as fact-finder, found the testimony presented by the Commonwealth credible, it is suggested that if this claim is deemed not to have been waived, the Honorable Court find that the evidence was sufficient to sustain the verdicts and grant no relief with respect to this claim.

The claim should also be deemed waived because defendant failed to articulate which elements of the crimes he was convicted of committing the Commonwealth failed to establish. "[W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Rule] 1925

4

statement must 'specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal." Commonwealth v. Gibbs, 981 A.2d 274, 281 (Pa. Super. 2009), appeal denied, 3 A.3d 670 (Pa. 2010) (quoting Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa. Super. 2008)). "Such specificity is of particular importance in cases here...the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." Gibbs, supra (holding appellant waived challenge to sufficiency of evidence where appellant failed to specify in Rule 1925(b) statement which convictions, and which elements of those crimes, he was challenging on appeal; fact that trial court addressed appellant's sufficiency claim in its opinion was of no moment to waiver analysis).

In any event, if it is determined that defendant preserved his sufficiency challenge, it is suggested that no relief be accorded defendant because the evidence was sufficient to support the charges. A review of a sufficiency claim requires that the evidence presented by the Commonwealth be assessed to ascertain if it establishes each material element of the crime beyond a reasonable doubt. Commonwealth v. Pagan, 950 A.2d 270, 278 (Pa. 2008). The evidence and all reasonable inferences are viewed in the light most favorable to the Commonwealth as verdict winner. Commonwealth v. Watkins, 843 A.2d 1203, 1211 (Pa. 2003); Commonwealth v. Collins, 703 A.2d 418, 420 (Pa. 1997).

The elements of first-degree murder are that; (1) a human being was unlawfully killed; (2) the person accused is responsible for the murder; and (3) the accused acted maliciously and with a specific intent to kill. 18 Pa.C.S. § 2502(a); see also Commonwealth v. Chimel, 889 A.2d 501, 517 (Pa. 2005). A "specific intent to kill" is "the state of mind...which accompanies a killing which was willful, deliberate and premeditated." Commonwealth v. Ragan, 743 A.2d 390, 400

5

(Pa. 1999); see also 18 Pa.C.S. § 2502(d). The requisite specific intent to kill may be established by evidence showing the knowing application of deadly force to the person of another, Commonwealth v. Hall, 701 A.2d 190, 196 (Pa. 1997), and may be inferred by the use of a weapon on a vital part of the victim's body. Commonwealth v. McCrae, 832 A.2d 1026, 1030 (Pa. 2003).

Here, the evidence, viewed in the light most favorable to the Commonwealth, overwhelmingly supports defendant's first-degree murder conviction. The evidence established that defendant walked up behind the victim and shot him in the head, a vital part of the body. In addition, defendant admitted having killed the victim. This evidence was more than sufficient to support the conviction. It is well-settled that "[a] defendant can be convicted on the positive identification of one witness." Commonwealth v. Saldutte, 7 A.2d 121, 123 (Pa. Super. 1939). See also Commonwealth v. King, 959 A.2d 405, 411 (Pa. Super. 2008) (identification testimony of eyewitnesses sufficient, without physical evidence, to support first-degree murder conviction).

The evidence was sufficient to support the other crimes as well. The crime of Possessing an instrument of crime is set forth in 18 Pa.C.S. § 907 as follows:

> (a) Criminal instruments generally.--A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa.C.S. § 907.

It is the Commonwealth's burden to prove that the defendant possessed an object that is an instrument of crime with the intent to use the object for a criminal purpose. In the Interest of A.C., 763 A.2d 889, 890 (Pa.Super. 2000).

A person commits the crime of carrying a firearm without a license, 18 Pa. C.S. § 6106, if he or she carries a concealed firearm without a license. A person violates 18 Pa. C.S. § 6108,

6

which defines the crime of carrying a firearm without a license if he or she carries a "firearm, rifle or shotgun at any time upon the public streets or upon any public property" in Philadelphia unless licensed to do so or exempt from the license requirement. For purposes of these sections, a "firearm" is "[a]ny pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches." 18 Pa. C.S. § 6102.

Instantly, the evidence established that defendant possessed a firearm with the intent to employ it criminally. It also established that defendant carried a firearm on a public street in Philadelphia. Finally, because defendant was under the age of twenty-one when the crimes herein were committed he was incapable of obtaining a gun license. Therefore, the evidence was sufficient to support these three charges and, therefore, it is suggested that defendant's claim with respect to this issue be denied in the event that it is not deemed to have been waived.[4]

In his second claim, Appellant argues that the verdict was against the weight of the evidence because he testified credibly. Said claim should be deemed waived because it was not raised before this Court either orally or in a post-sentence motion. In order to preserve a weight of the evidence claim for appellate review said claim must be presented to the trial court or else it is waived.

> Regarding Appellant's weight of the evidence claim we note that Appellant did not make a motion raising a weight of the evidence claim before the trial court as the Pennsylvania Rules of

---

[4] It appears that the Commonwealth failed to present direct evidence of non-licensure. However, as noted, defendant was under the age of twenty-one when he committed the crime and was ineligible to obtain a firearms license. In the event the Honorable Court determines that the evidence was insufficient to support the charge of carrying a firearm without a license a remand would be unnecessary because a verdict without further penalty was entered on that charge.

7

Criminal Procedure require. See Pa.R.Crim.P. 607(A).22 The fact that Appellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed Appellant's weight claim in its Pa.R.A.P 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion. Pa.R.Crim.P. 607(A); Steiner v. Markel, 600 Pa. 515, 968 A.2d 1253, 1257 (2009) (holding that inclusion of an issue in a 1925(b) statement that has not been previously preserved does not entitle litigant to appellate review of the unpreserved claim); Mack, 850 A.2d at 694 (holding weight claim waived by noncompliance with Pa.R.Crim.P. 607, even if the trial court addresses it on the merits); Commonwealth v. Burkett, 830 A.2d 1034, 1037 (Pa.Super.2003) (same). See also Commonwealth v. Little, 879 A.2d 293, 300–301 (Pa.Super.2005), appeal denied, 586 Pa. 724, 890 A.2d 1057 (2005); Commonwealth v. Washington, 825 A.2d 1264, 1265 (Pa.Super.2003). Appellant's failure to challenge the weight of the evidence before the trial court deprived that court of an opportunity to exercise discretion on the question of whether to grant a new trial. Because "appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence," Commonwealth v. Widmer, 560 Pa. 308, 744 A.2d 745, 753 (2000), this Court has nothing to review on appeal. We thus hold that Appellant waived his weight of the evidence claim because it was not raised before the trial court as required by Pa.R.Crim.P. 607.

Commonwealth v. Sherwood, 982 A.2d 483, 494 (Pa. 2009).

In accordance with the holding of Sherwood, it is respectfully suggested that defendant's weight claim be deemed waived.

In the event that the claim is considered not to have been waived, it is suggested that it be denied. The standard in reviewing a weight of the evidence claim is well-settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the

8

evidence. One of the least assailable reasons for granting or
denying a new trial is the lower court's conviction that the verdict
was or was not against the weight of the evidence and that a new
trial should be granted in the interest of justice.

Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and citations omitted); see

also Commonwealth v. Sanchez, 36 .3d 24, 27 (Pa. 2011) (stating that "[r]elief on a weight of the

evidence claim is reserved for extraordinary circumstances, when the jury's verdict is so contrary

to the evidence as to shock one's sense of justice and the award of a new trial is imperative so

that right may be given another opportunity to prevail." (citation omitted)).

The initial determination regarding the weight of the evidence is for the fact-finder.

Commonwealth v. Jarowecki, 923 A.2d 425, 433 (Pa. Super. 2007). The trier of fact is free to

believe all, some or none of the evidence. Id. A reviewing court is not permitted to substitute its

judgment for that of the fact-finder. Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999).

When the challenge to the weight of the evidence is predicated on the credibility of trial

testimony, appellate review of a trial court's decision is extremely limited. Unless the evidence is

so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, weight

of evidence claims shall be rejected. Commonwealth v. Rossetti, 863 A.2d 1185, 1191 (Pa.

Super. 2004).

Defendant asserts that this claim has merit based on alleged inconsistencies between

Duran's testimony at trial and that which he gave at appellant's preliminary hearing as well as

the fact that Duran observed the incident by watching it in the rear view mirror of his car.

Defendant also states that verdict was against the weight of the evidence because Frank Herbert

did not witness the incident and did not know defendant at the time the crime occurred.

Defendant claims that these factors render the testimony incredible.

9

Assessing the credibility of a witness and according that testimony appropriate weight is within the province of the trier of fact, here the trial judge. 523 A.2d 1140 (Pa. Super. 1987), alloc. denied 5533 A.2d 712 (Pa. 1987). This Court found the testimony presented by the witnesses credible and also that the verdict did not shock the conscience. While there were inconsistencies in the testimony presented by Duran and Herbert, this Court credited their testimony and was convinced beyond a reasonable doubt by it that defendant killed the victim herein. Accordingly, it is suggested that if the instant claim is not deemed waived, defendant not be granted relief thereon for the reasons stated.

## CONCLUSION

For the foregoing reasons, the defendant's assertions of error should be dismissed for lack of merit and the judgment of sentence entered in this matter should be affirmed.

By the Court,

DATE: 2/11/16

Honorable Jeffrey P. Minehart

10